PEOPLE *v.* PAUL.

1. CRIMINAL LAW—BREAKING AND ENTERING WITH INTENT TO COMMIT FELONY.

Plea of guilty to breaking and entering a dwelling with intent to commit rape *held*, to have been made freely, understandingly, and voluntarily by defendant where record shows that before imposing sentence trial court informed defendant of the nature of the accusation and consequence of plea of guilty and examined defendant to determine that the plea was made without undue influence, compulsion, duress, or promise of leniency (CL 1948, § 750.110 as amended by PA 1964, No 133; GCR 1963, 785.3[2]).

2. SAME—SPECIFIC INTENT—INTOXICATION.

Plea of guilty to breaking and entering dwelling with intent to commit rape, by defendant who transcript showed had been drinking but was not so intoxicated as to negate the existence of a specific intent *held*, to have found the existence of the specific intent to commit rape.

3. SAME—PLEA OF GUILTY—EXAMINATION BY COURT—OBLIGATION OF PROSECUTION.

The prosecution has no obligation to prove anything during examination by the court of one seeking to plead guilty to a charge of crime.

4. SAME—ACCEPTANCE OF PLEA OF GUILTY.

Courts should be concerned with the substance, not with form, in determining whether there has been a miscarriage of justice in a prosecution for crime (CL 1948, § 769.26; GCR 1963, 529.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  21 Am Jur 2d, Criminal Law §§ 325, 484 *et seq.*
[2]  21 Am Jur 2d, Criminal Law § 44.
[4]  21 Am Jur 2d, Criminal Law § 486 *et seq.*

Appeal from Recorder's Court of Detroit, Gillis (Joseph A.), J. Submitted Division 1 June 11, 1968, at Lansing. (Docket No. 4,625.) Decided August 30, 1968.

Donald M. Paul was convicted, on a plea of guilty, of breaking and entering an occupied dwelling with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Walter Gibbs*, Assistant Prosecuting Attorney, for the people.

*Gerald F. Wigle*, for defendant.

PER CURIAM. This case is submitted on the people's motions to dismiss and to affirm. Donald M. Paul was convicted, on plea of guilty, of the crime of breaking and entering an occupied dwelling with intent to commit a rape therein in violation of CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305), and on July 13, 1967, he was sentenced to 7 to 15 years in prison.

The case presents 2 questions, first, whether the guilty plea was made freely, understandingly, and voluntarily by defendant.[*] Second, whether the disclosure by defendant during the taking of the plea that he had been drinking at the time of the offense negated the specific intent required to establish the crime to which defendant pleaded guilty.

A review of defendant's brief, the motions to dismiss and to affirm, and the transcript of the

---

[*] GCR 1963, 785.3(2).

plea examination discloses that the plea of guilty was made freely, understandingly, and voluntarily by defendant. The transcript further shows that although defendant had been drinking, he was not so intoxicated as to negative the existence of the specific intent to commit rape, and defendant did by his plea affirm the existence of such intent. The prosecution is under no obligation to prove anything during the examination by the court of one seeking to plead guilty.

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty." *People* v. *Barrows* (1959), 358 Mich 267, 272.

This was done, and done well, in this case.

"In conclusion, we cite again the court rule and statute cited in *People* v. *Winegar* (1968), 380 Mich 719; GCR 1963, 529.1; and CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096). The import of both the rule and the statute is that on review courts should be concerned with substance, not with form; that the fundamental inquiry is whether there has been a miscarriage of justice." *People* v. *Dunn* (1968), 380 Mich 693, 701.

This record does not disclose a miscarriage of justice.

Motion to affirm is granted and the motion to dismiss is denied as moot.

QUINN, P. J., and FITZGERALD and McGREGOR, JJ., concurred.