PEOPLE *v.* NORRIS

CRIMINAL LAW—ASSAULT—GUILTY PLEA.

> Claim of defendant, who was convicted on his plea of guilty of assault with intent to do great bodily harm less than murder, that the examination revealed that he had been drinking at the time of the offense and did not remember shooting the alleged victim and that these facts constituted a possible defense, making it error for the trial judge to accept his plea, was not supported by the transcript which revealed that this possibility did not exist and that the guilty plea was properly accepted (CL 1948, § 750.84).

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 February 11, 1969, at Detroit. (Docket No. 6,053.)   Decided February 28, 1969.

Samuel Norris was convicted on his plea of guilty of assault with intent to do great bodily harm less than murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

PER CURIAM.    Defendant was convicted and sentenced for assault with intent to do great bodily harm less than murder under CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279) as a result of his guilty plea.    The trial court conducted an examination as required by statute (CL 1948, § 768.35 [Stat Ann 1954 Rev § 28.1058]) and court rule (GCR 1963, § 785.3[2]), before it accepted his plea.    Defendant now appeals, claiming that the examination revealed that he had been drinking at the time of the offense and did not remember shooting the alleged victim and that these facts constituted a possible defense, making it error for the trial judge to accept his guilty plea.

A thorough examination of the transcript and record of this case reveals that even though a possible defense was first elicited from the defendant his later statements on continued examination by the trial judge indicated that this possibility did not exist and that the defendant's plea of guilty was properly accepted.    Consequently, the trial judge did not abuse his discretion, *People* v. *Lang* (1968), 381 Mich 393, and these proceedings were consistent with the case of *People* v. *Winegar* (1968), 380 Mich 719.

Affirmed.