PEOPLE *v.* CARTER

CRIMINAL LAW—SPECIFIC INTENT—GUILTY PLEA—INTOXICATION.
Evidence that defendant had been drinking does not negate the existence of a specific intent in a guilty plea to the charge of assault with intent to rob being armed.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 April 8, 1969, at Detroit. (Docket No. 5,734.) Decided May 26, 1969. Leave to appeal denied December 22, 1969. See 383 Mich 754.

Ronald M. Carter was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 107, 108; 29 Am Jur 2d, Evidence §§ 439, 1160, 1176; 46 Am Jur, Robbery § 10.

Per Curiam. Ronald M. Carter pled guilty to the charge of assault with intent to rob being armed contrary to CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284). On March 7, 1968, he was sentenced by Judge James L. Ryan of the Wayne county circuit court to a term of 12 to 25 years imprisonment. On appeal it is contended that the plea should be set aside because at the sentence proceeding defendant stated that he had been drinking when the crime was committed, because at the sentence proceeding defendant allegedly equivocated as to whether he was guilty, and because at the sentence proceeding the court allegedly considered evidence of violence which the court had heard in the previous trial of a codefendant, in fixing sentence. The people have filed a motion to affirm the conviction and sentence.

We have examined the record and find that it is manifest that the questions sought to be reviewed are unsubstantial and require no argument or formal submission. Evidence that defendant had been drinking does not negate the existence of a specific intent in a guilty plea. *People* v. *Paul* (1968), 13 Mich App 175. We do not view defendant's statement at the time of sentence as an equivocation of guilt. The plea transcript reveals an extensive examination of the defendant as to the facts of the crime and defendant's participation in it. The voluntariness of the plea was adequately determined. In addition, defendant enjoyed the benefit of counsel throughout.

The contention that the trial court considered evidence of violence acquired from another trial is not supported by the record herein.

The motion to affirm is granted.