PEOPLE *v.* DUNCAN

ROBBERY—ARMED ROBBERY—SPECIFIC INTENT—PLEA OF GUILTY.

> Remark by defendant during proceedings in which he was sentenced for armed robbery to the effect that he had been drinking immediately before the commission of the crime is not sufficient reason to set aside defendant's plea of guilty where defendant, at the time his plea of guilty was taken, specifically stated that he intended to rob the victim with a gun and was able to recall in detail his actions during the day in which the crime was committed.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 May 27, 1969, at Detroit. (Docket No. 6,358.) Decided June 24, 1969. Leave to appeal denied September 9, 1969. See 382 Mich 781.

Frank Duncan was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur, Criminal Law §§ 107, 495.

Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

BEFORE: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Frank Duncan was sentenced to a 15 to 30 year term of imprisonment, having previously pled guilty to the charge of robbery armed contrary to CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797). At the sentence proceeding defendant mentioned to the court that he had been drinking immediately prior to the commission of the crime. A motion for new trial was denied, defendant contending that his remark during sentence gave rise to a question of fact concerning the existence of specific intent, a necessary element to the crime charged. Therefore, the trial court should have *sua sponte* set aside the plea, or, in the alternative re-examined the defendant to determine the extent of his alleged intoxication.

The colloquy in issue, standing alone, may possibly present a question of fact regarding the existence of the element of specific intent. However, to so conclude, this Court would be required to completely ignore the express admission of the defendant tendered during the plea proceeding.

*"Court:* When you went in this place, you went in specifically to rob them with a gun, is that right?
*"Defendant:* Sure, we did, sir.
*"Court:* And you knew it was wrong?
*"Defendant:* Yes, sir, I did, sir."

Moreover, the plea transcript demonstrates that the defendant was able to recall in detail his actions during the day in which the crime was committed.

The case of *People v. Paul* (1968), 13 Mich App 175, 176, 177, is dispositive of the question presented herein.

"A review of defendant's brief, the motions to dismiss and to affirm, and the transcript of the plea examination discloses that the plea of guilty was made freely, understandingly, and voluntarily by defendant. The transcript further shows that although defendant had been drinking, he was not so intoxicated as to negative the existence of the specific intent to commit rape, and defendant did by his plea affirm the existence of such intent. The prosecution is under no obligation to prove anything during the examination by the court of one seeking to plead guilty."

The motion to affirm the conviction is granted.