## · PEOPLE *v.* TURNER

1. CRIMINAL LAW—ASSAULT TO ROB BEING ARMED—GUILTY PLEA—CONFESSION—LEGALITY.

   Defendant's confession was properly obtained where the record showed that defendant was advised of his constitutional rights during in-custody questioning and that the prosecutor, before interrogating defendant advised him that he could have an attorney "right now."

2. CRIMINAL LAW—ASSAULT TO ROB BEING ARMED—GUILTY PLEA—LEGALITY.

   Defendant's plea of guilty to assault with intent to rob being armed was properly accepted where defendant understood the nature of the charge against him, admitted that he was pleading guilty because he was guilty, that he made the plea voluntarily, that no promises of leniency or threats had been made, and the trial judge elicited all the essential elements of that crime in his examination of defendant, was satisfied that a crime had been committed, and that defendant had participated in it (MCLA § 750.89).

Appeal from Wayne, John M. Wise, J. Submitted Division 1 January 15, 1970, at Detroit. (Docket No. 7,012.) Decided January 28, 1970.

Jack Wilson Turner was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 317.
   Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[2] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and MC-GREGOR, JJ.

PER CURIAM. On November 14, 1968, defendant, with the assistance of counsel, appeared in Wayne county circuit court and tendered a plea of guilty to the offense of assault with intent to rob being armed, MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). The plea was accepted by the court and defendant was sentenced to serve 15 to 25 years in prison.

On claim of appeal, defendant now states that the guilty plea was induced by an illegally obtained confession and that his guilty plea was not freely, understandingly and voluntarily made.

Contrary to defendant's assertions, an examination of the transcript of the in-custody questioning of the defendant discloses that defendant was properly advised of his rights and that the confession was properly obtained in accordance with *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), requirements. From the record, it is clear that there was no qualification of defendant's right to counsel as defendant claims. The prosecuting attorney indicated that defendant could have an attorney and could have one "right now" which was before any interrogation.

After defendant tendered his plea of guilty to the offense of assault with intent to rob and steal being armed, the court inquired into the voluntariness of

the plea, specifically determining that no promises of leniency or no threats had been made.

After ascertaining that the plea was being made freely and voluntarily and that he was pleading guilty "because I am guilty", the court inquired into the facts surrounding the crime.

During the examination, the court was careful to elicit all the essential elements of the crime, namely the intent to rob, the possession of a sawed-off shotgun and the firing of said weapon. Defendant was aware of the nature of the offense charged when he made his plea; and the court was satisfied that a crime had been committed and defendant had participated therein. See *People* v. *Paul* (1968), 13 Mich App 175.

A thorough review of the briefs of the parties, the record on appeal, and the transcript of the various proceedings reveal no basis in law or in fact for defendant's assignments of error.

Affirmed.