PEOPLE *v.* SPENCER

1. CRIMINAL LAW—INTOXICATION—NEGATION OF SPECIFIC INTENT—EVIDENCE—SUFFICIENCY.

A showing of sufficient alcoholic or narcotic intoxication could negative a finding of specific intent to commit a crime.

2. CRIMINAL LAW—NARCOTIC INTOXICATION—NEGATION OF SPECIFIC INTENT—EVIDENCE—SUFFICIENCY.

Vacation of defendant's plea of guilty of a specific intent crime was not warranted where the record showed that defendant had the assistance of counsel at all proceedings, that defendant did not raise narcotic intoxication as a defense until his motion for a new trial, that defendant did not attempt to show at that hearing narcotic intoxication at the time of committing the crime, that defendant, in his examination by the trial judge, had merely mentioned that he had taken an unstated amount and undescribed type of barbiturates before committing the crime charged but did not claim that the taking of such barbiturates had impaired his mental faculties.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 March 3, 1970, at Detroit. (Docket No. 6,739.) Decided March 30, 1970. Leave to appeal denied June 9, 1970. 383 Mich 787.

Raymond Spencer was convicted, on his plea of guilty, of assault with intent to rob and steal being armed. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 107, 108.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit) for defendant on appeal.

Before: Lesinski, C. J., and V. J. Brennan and Quinn, JJ.

Per Curiam: On September 11, 1968, defendant Raymond Spencer plead guilty to assault with intent to rob and steal being armed.[1] Before accepting the plea, the trial court thoroughly questioned the defendant and his appointed counsel. The counsel stated, *inter alia,* the following:

"I have also advised Mr. Spencer that the charge of assault with intent to rob while being armed also carries a maximum penalty of life, but also, there is the possibility of probation, wherein robbery armed there is no probation. I have explained the difference to him and explained the elements of each and we have discussed the facts of the case very, very thoroughly and at length, we went over the examination at length together, and I have discussed the matter with the prosecutor and with the detective in charge and after having discussed this matter, your Honor, Mr. Spencer advises me that he wishes to withdraw his plea of not guilty heretofore entered to the charge of robbery armed and enter a plea of guilty to the charge of assault with intent to rob while being armed."

In addition, defendant recited his version of the crime:

---

[1] MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

"Well, your Honor, on the 7th day of February, I was hanging around, out of the restaurant with a friend of mine and while we were hanging around, I, I consumed some barbiturates, I consumed some barbiturates on the 7th of February and a friend and I had, with me, he [sic] and him were talking and we were talking about getting some money, so, we went outside and we saw this cab come by, we got in the cab and told the cab driver to go around Hollywood and the Expressway and at that time, we got there, I asked the—I pulled a gun and told the man to give me his money."

After some additional questioning of the defendant, the trial court accepted the guilty plea.

On October 9, 1968, at the sentencing hearing, defendant's counsel stated, apparently in mitigation of the sentence, that "defendant has admitted he was under the influence of narcotics and that he had not engaged in this type of activity before." Defendant was sentenced to 10 to 15 years in prison.

Defendant's argument, raised in a motion for new trial and on appeal, is that the guilty plea must be vacated because his earlier testimony indicated that his condition at the time of the crime precluded formation of the requisite specific intent.

While a showing of sufficient alcoholic or narcotic intoxication could negative a finding of specific intent to commit a crime,[2] we find no such showing here. Defendant was represented by counsel at *all* stages of the proceedings below. However, defendant did not raise the issue of narcotic intoxication as a defense until motion for new trial. Examining the record we find no indication of the amount or type of barbiturates consumed, and no showing was attempted at a hearing on the motion. The mere

---

[2] See *People* v. *Guillett* (1955), 342 Mich 1; *People* v. *Kelley*, (1970), 21 Mich App 612.

mention by the defendant, that he took some unstated amount of barbiturates shortly before commission of a crime is not sufficient basis for setting aside the plea of guilty where the record reveals that defendant claims no impairment as a result of taking same. We find no miscarriage of justice in the instant case. *People* v. *Dunn* (1968), 380 Mich 693.

Affirmed.