## PEOPLE v. STONER

1. CRIMINAL LAW—COMMON LAW—INTENT—DEFENSES—INTOXICATION.

The maxim that voluntary intoxication is no excuse for crime means that the element of every common-law crime called "general intent" cannot be negated by evidence that the actor was intoxicated at the time the crime was committed; however, intoxication can be shown to negate specific intent when specific intent must be proved.

2. ROBBERY—CRIMINAL LAW—INTENT.

Robbery is a specific intent crime because larceny is a specific intent crime and robbery is larceny committed by an assault or by putting the victim in fear.

3. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—INTENT—INTOXICATION.

No factual basis for acceptance of defendant's plea of guilty of unarmed robbery was established where defendant claimed that he was too drunk to remember participating in either the planning or commission of the crime although he was present when one of his companions suggested it, that he was too intoxicated at that time to care what happened or to recall the robbery or his participation in it, even though he had obtained money from it, and the trial court, before accepting his plea, failed to ascertain its truthfulness and whether defendant was aware that if his claim of intoxication were believed, the court, as trier of fact, would be obliged to acquit him and, if he knew this, why he wished to plead guilty (MCLA § 750.530).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 107.
[2] 46 Am Jur, Robbery § 10.
[3–5] 21 Am Jur 2d, Criminal Law § 486.

4. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—TRUTH OF PLEA—INTOXICATION.

   A trial judge is not obliged to search out possible defenses but when a defendant desires to plead guilty to a specific intent crime even though he claims that he was too intoxicated at the time to recall that he either committed the crime or participated in it, the trial court must ascertain the truthfulness of the plea; he should ask the defendant whether he is aware that if his claim of intoxication is believed, the trier of fact would be obliged to acquit him and, if he knows this, why he is pleading guilty.

5. CRIMINAL LAW—PLEA OF GUILTY—INTOXICATION—PROOF—WAIVER—ACCEPTANCE OF PLEA.

   The people may be asked by the trial judge to produce evidence negating a defendant's claim that he was too intoxicated to recall participating in the commission of the offense charged before accepting his plea of guilty, because if the people can substantially refute the intoxication claim, a factual basis appears for acceptance of defendant's plea of guilty without regard to his own recollection of what had occurred and, following such an evidentiary showing and defendant's express and knowledgeable waiver of the intoxication defense, the trial judge can properly accept the guilty plea.

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 March 3, 1970, at Grand Rapids. (Docket No. 7,286.) Decided May 1, 1970. Leave to appeal denied July 21, 1970. See 383 Mich 806.

Larry Richard Stoner was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Elmer L. Radka,* Prosecuting Attorney, for the people.

*Beverly J. Clark,* for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and Levin, JJ.

Levin, J. The defendant, Larry Richard Stoner, was convicted of unarmed robbery[1] upon his plea of guilty. He appeals claiming that the trial court failed to comply with the requirements of the court rule[2] and of the statute[3] as elucidated in *People v. Barrows* (1959), 358 Mich 267. There the Michigan Supreme Court declared that as (p 272) "a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence" a trial judge must by direct questioning of a guilty-pleading defendant both establish the crime and his participation in its commission.[4]

The information filed in this case charged that on December 30, 1967, Stoner and another person assaulted and robbed Ralph Smith of $280 and that at the time the offense was committed they were not armed with a dangerous weapon. At the arraignment on the information, Stoner offered to plead guilty. He denied precise recollection of his actions because of intoxication at the time of the offense. His memory was not improved at the time of sentencing.

Stoner was 18 years old, indigent, had no prior criminal record, and was AWOL from the Marine Corps. He had turned himself in to the military authorities, but was not confined.

The people assert that voluntary intoxication is not a defense to crime and rely on *People v. Garbutt*

---

[1] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).
[2] GCR 1963, 785.3.
[3] MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058).
[4] Similarly, see *People v. Perine* (1967), 7 Mich App 292; *People v. Mason* (1968), 13 Mich App 277; *People v. Combs* (1968), 15 Mich App 450; *People v. Robert Lee Moore* (1970), 21 Mich App 126; *People v. Porchia* (1970), 21 Mich App 222.

(1868), 17 Mich 9, where the Michigan Supreme Court held that the trial judge had correctly refused to allow the defendant to interpose an intoxication defense, saying (p 19):

"A man who voluntarily puts himself in condition to have no control of his actions, must be held to intend the consequences."

In *People* v. *Kelley* (1970), 21 Mich App 612, we reviewed the decisions of the Michigan Supreme Court subsequent to *Garbutt* and concluded that in Michigan, as elsewhere, all that is meant by the maxim "voluntary intoxication is no excuse for crime" is that the element of every common-law crime sometimes referred to as "general intent," cannot be negatived by evidence that the actor was intoxicated at the time the crime was committed. But that where the people must prove that the actor entertained a specific intent in addition to general intent, intoxication can be shown to negative a requisite specific intent.[5]

In *People* v. *Walker* (1878), 38 Mich 156, the defendant's conviction of larceny was reversed because the trial judge refused to charge that intoxication could be a defense. The Supreme Court declared (p 158):

"While it is true that drunkenness cannot excuse crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist. In larceny the crime does not consist in the wrongful taking of the property, for that might be a mere trespass; but it consists in the wrongful taking with felonious intent; and if the defendant, for any rea-

---

[5] As where the crime charged is, *e.g.*, assault with intent to murder, assault with intent to do great bodily harm less than crime of murder, or assault with intent to rape. See authorities cited in *People* v. *Kelley, supra,* nn 8–10.

son whatever, indulged no such intent, the crime cannot have been committed."

Subsequently, on fundamentally the same analysis, the Supreme Court held that burglary and breaking and entering are specific intent crimes.[6] In *Kelley* we reasoned that since larceny is, as held in *Walker,* a specific intent crime and robbery is larceny committed by assault or putting in fear,[7] robbery too was a specific intent crime.[8]

In a number of cases our Court has rejected claims that a guilty plea should be set aside because the defendant was intoxicated at the time the offense was committed. In those cases, however, the defendant did not, as did Stoner, assert that he was so deeply intoxicated that he could not recall his participation in the commission of the offense.[9]

---

[6] *People* v. *Eggleston* (1915), 186 Mich 510; *People* v. *Depew* (1921), 215 Mich 317.

[7] *People* v. *Royce Alexander* (1969), 17 Mich App 30, 31.

[8] In *People* v. *Ramsey* (1970), 23 Mich App 11, our Court reversed an armed robbery conviction because the trial court had refused to consider evidence of the defendant's narcosis in deciding whether he had the specific intent to commit the crime.

[9] In *People* v. *Paul* (1968), 13 Mich App 175, the transcript "show[ed] that although defendant had been drinking, he was not so intoxicated as to negative the existence of the specific intent" to break and enter an occupied dwelling with intent to commit rape.

In *People* v. *Duncan* (1969), 17 Mich App 710, the defendant "mentioned to the court that he had been drinking immediately prior to the commission of the crime"; however, the transcript demonstrated that "the defendant was able to recall in detail his actions during the day in which the crime was committed."

In *People* v. *Carter* (1969), 17 Mich App 365, we concluded that a defendant's statement at the time of sentencing that "he had been drinking when the crime was committed" was not "an equivocation of guilt."

And in *People* v. *Spencer* (1970), 23 Mich App 56, the defendant stated during the colloquy that he had consumed "some barbiturates." Our Court held that the trial judge did not err in refusing to set aside the guity plea because there was "no indication of the amount or type of barbiturates consumed, and no showing was attempted at a hearing on the motion [for a new trial]. The mere mention by the defendant that he took some unstated amount of barbiturates shortly before commission of a crime is not sufficient basis for setting aside the plea of guilty where the record reveals that defendant claims no impairment as a result of taking same."

After Stoner offered to plead guilty, the trial judge asked him to relate what had occurred. He responded:

"Well, it started out sir, I was pulling an axle for a buddy of mine and Ron come home from work. He come down and he went to this place and had supper * * * and we started riding around in town and started drinking and we was over to Tower and then came back over to Onaway and from there on we started drinking pretty heavy and then I remember winding up down there at somebody's house and remember going in the house and remember the old man that was in there. From there on out, it is pretty fuzzy, sir. But I know I was the only one in the house; whatever happened.

*"The Court:* Did you take any money or anything?

*"Defendant:* Yes, sir, I must have because I had lots of it. I don't remember whether I hurt the old man or what happened, sir.

*"The Court:* But you did this?

*"Defendant:* Yes, sir, I did.

*"The Court:* You know that it is wrong, do you?

*"Defendant:* Yes, sir I found out, sir, but it's too late. I grew out of my smartness."

At sentencing the following occurred:

*"The Court:* You are claiming that you were too drunk; that you didn't know that you did that that night, is that right?

*"Defendant:* I remember some of the things I did, but some of it is still hazy. I don't remember what I done.

---

See, also, *People* v. *Norris* (1969), 16 Mich App 350. There the defendant did claim "that he had been drinking at the time of the offense and did not remember shooting the alleged victim and that these facts constitute a possible defense"; in rejecting this claim our Court stated that other statements of the defendant "on continued examination by the trial judge indicated that this possibility did not exist." See text accompanying footnote 15.

"*The Court:* You do remember that you did go there?

"*Defendant:* Yes, I remember that.

"*The Court:* And you came away with the money?

"*Defendant:* Yes, sir.

"*The Court:* And the particular individual from whom the money was removed was 81 years of age. Did you know that?

"*Defendant:* No, sir, I didn't.

"*The Court:* Did you know he was an old, old man?

"*Defendant:* No, sir, I never knew the man.

"*The Court:* How did you happen to find out about it in the beginning?

"*Defendant:* Somebody in the car. I still can't figure out who it was, but somebody said somebody had some money and I was just drunk enough that I didn't give a darn about what happened or anything."

It is apparent that while Stoner acknowledged that he was in the old man's house and had come into possession of a substantial sum of money, he did not remember participating in either the planning or the commission of the offense: "somebody said somebody had some money," and he, Stoner, was "just drunk enough" that he did not "give a darn about what happened or anything". He remembered winding up at somebody's house, going into the house and the old man who was there. And he remembered coming away from the house with money—"lots of it." But he could not recall what occurred at the house: "it is pretty fuzzy, sir. * * * *I don't remember* whether I hurt the old man or *what happened,* sir". "I remember some of the things I did, but some of it is still hazy. I don't remember what I done." (Emphasis supplied.)

In *People* v. *Richard E. Johnson* (1967), 8 Mich App 204, the defendant was charged with man-

slaughter. The people's evidence showed that the victim had been fishing from a trestle extending over a river when he was either intentionally or accidentally pushed, shoved or struck by the defendant and fell into the river where he drowned. At the trial, the defendant offered to plead guilty at the conclusion of the presentation of the people's case. During the judge's questioning, the defendant said, "I accidentally pushed him in," and "I didn't have no intention to push him in the river". We reversed the defendant's conviction upon his accepted guilty plea and remanded for a new trial, saying (p 210): "Viewing the proceedings in their entirety we conclude that the equivocal nature of the defendant's answers should have led the trial court to conclude that a question of fact had been presented and accordingly reject the plea of guilty".

In *People* v. *Stewart* (1968), 10 Mich App 553, the defendant was charged with unarmed robbery and pled guilty to a charge of attempted unarmed robbery. There were other participants, as in this case. We set aside the conviction because the trial judge had (p 558) "not performed his mandatory duty to ascertain the truth of the plea offered". We said that the record contained (p 556) "several warnings to the trial court that he might have reason to suspect the truth of the offered plea".[10]

---

[10] *Cf. People* v. *Russell* (1969), 20 Mich App 47. In this case the defendant was convicted, on his plea of guilty, of forcible rape. In setting aside the plea and remanding the case for trial, our Court said:

"While the trial court was concerned enough about defendant's mental condition to include in the judgment a recommendation for further psychiatric examination and treatment as indicated, he failed to heed the warning couched in the report that defendant may not have been criminally responsible for the offense charged. * * *

"Defendant here was 18 years old with no prior criminal record. Without benefit of counsel, he pleaded guilty to an offense which carried a possible sentence of life imprisonment. He was undoubtedly unaware of the fact that he may have had a possible valid defense to the charge to which he was pleading guilty. Under the circum-

During the examination by the judge, the defendant said that when they reached the scene of the crime one of the other defendants pulled a gun and another jumped on the victim and assaulted him and took his wallet and watch but asserted, "I didn't know it was going to happen". Later, in response to a question from the court whether he "would have helped commit this offense," he responded, "I would have helped, yes".

In *People* v. *Mason* (1968), 13 Mich App 277, the defendant pled guilty to a charge of breaking and entering in the nighttime. During the examination by the judge the defendant said (p 278):

"*A.* I understand everything. There is a mention—the time of entering was in the daytime—not in the night.

"*Q.* You are charged with entering in the nighttime.

"*A.* I understand that."

Mason, in language similar to that used by Stoner in this case, said (p 279) "I am guilty of the charge. I am sorry it happened. I realize I violated the laws of society". Nevertheless, we reversed. The record affirmatively showed that Mason asserted or attempted to assert that the offense occurred in the daytime, not in the nighttime. The requisite factual basis for a plea of guilty—the truth of the plea—had not been established.

---

stances, the trial court erred in failing 'to observe the unfurled flags signalling danger and possible or probable infirmity in the defendant's capacity or volition, or both.' "

No two cases are alike. Stoner, like Russell, was 18 years old without a prior criminal record; but Stoner did not waive counsel.

It appears, however, that Stoner, like Russell, may very well have had a good defense of lack of criminal responsibility and that this defense should have been explored more carefully before a plea of guilty was accepted; Russell because he was a psychopathic personality, and Stoner because he was so heavily intoxicated that he could not entertain the specific intent to commit the crime of armed robbery.

Recently in *People* v. *Anderson* (1970), 23 Mich App 9, the defendant's plea of guilty was set aside because of "the equivocation surrounding the inquiry into the truthfulness of the plea" and "the uncertainty created by defendant's answer." During the inquiry the defendant was asked whether the facts related at the preliminary examination were true. The "defendant answered, 'Partially, yes.' The Court then asked, 'It was approximately true?' and the defendant answered 'Yes.' The record is void of any further inquiry to determine what was true and what was not".

While a trial judge may not be obliged to search out possible defenses, in this case it has not been made to appear that Stoner planned or participated in the commission of the robbery. While Stoner was present[11] when "someone" planned or suggested commission of a robbery, he claimed he was too drunk to care what happened. And while he obtained proceeds of the alleged robbery, he did not recall the robbery itself or participating in it. A factual basis[12] for his guilty plea was not established.[13]

We do not mean to be understood as saying that a plea of guilty may not be accepted merely because a defendant says that by reason of intoxication he cannot recall his participation in the commission of the offense. However, where the defendant claims that he cannot recall participating, the inquiry must go further: Is the defendant aware that if his claim to being so completely intoxicated that he cannot recall participating is believed by the trier of fact,

---

[11] That presence, even with knowledge that a criminal offense is about to be or is being committed, is not enough to support a conviction as an aider or abettor, see *People* v. *Burrel* (1931), 253 Mich 321.

[12] *People* v. *Bartlett* (1969), 17 Mich App 205, 208, 209.

[13] See *People* v. *Shell* (1970), 23 Mich App 593.

that the trier would then be obliged to acquit him? If so, why then is the defendant pleading guilty?

We recognize that a defendant may wish to waive a possible defense and plead guilty simply because he has concluded that the trier of fact will not believe him. The people's evidence that the defendant was not intoxicated may be overwhelming.

When a defendant claims that because of intoxication he does not recall participating in the commission of the offense, but, nevertheless, desires to plead guilty, the people should be asked to produce evidence negating the intoxication defense. Such evidence might appear in the transcript of a preliminary examination presented to and read by the trial judge before accepting the plea.[14] If from such evidence it appears that the people can substantially refute a claim of intoxication, then a factual basis for the defendant's plea would appear without regard to his own acknowledged recollection of what occurred.[15] Upon such a showing and express and knowledgeable waiver of the defense by the defendant, the judge could properly accept the plea.

There would then, in the words of the *Barrows* Court, be a basis for concluding that there had been (p 272) "reasonable ascertainment of the truth of the plea". We would then have no reason to be concerned that the defendant's plea was not an "understanding" plea.[16] It would then appear, as we said in *Bartlett* (p 209), "that there is a factual basis for the plea, that the plea is a truthful, honest plea of guilty to an offense of which the accused person might well be convicted upon trial."

The plea of guilty in this case is set aside, the conviction is reversed, and the case is remanded for trial.

All concurred.

---

[14] In this case, Stoner waived preliminary examination.

[15] *Cf. People* v. *Norris, supra,* discussed in fn. 9.

[16] *Cf. People* v. *Ferguson* (1968), 13 Mich App 362.