PEOPLE v. SAMPSON

BURGLARY—ATTEMPTED BURGLARY—SPECIFIC INTENT—INTOXICATION
TION—EVIDENCE—PLEA OF GUILTY.

Evidence that defendant had been drinking immediately before
the commission of the crime does not negate the existence
of specific intent in a plea of guilty of attempted breaking
and entering of an occupied dwelling with intent to commit
a felony or larceny where the defendant by his plea affirmed
the existence of such intent and where no miscarriage of
justice is disclosed (MCLA § 750.92).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 June 18,
1970, at Detroit. (Docket No. 8,711.) Decided
August 4, 1970.

Lewis Sampson, Jr., was convicted, on his plea of
guilty, of attempted breaking and entering of an
occupied dwelling with intent to commit a felony
or larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief,
Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Michael J. Jaffe,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
13 Am Jur 2d, Burglary §§ 24–26, 29.

Before: LESINSKI, C. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant, as a result of his guilty plea, was convicted and sentenced for attempted breaking and entering of an occupied dwelling with intent to commit a felony or larceny under MCLA § 750.92 (Stat Ann 1962 Rev § 28.287). The trial court conducted an examination as required by statute (MCLA § 768.35 [Stat Ann 1954 Rev § 28.1058]) and court rule (GCR 1963, 785.3[2]), before it accepted his plea. Defendant now appeals, raising the following issue: whether the disclosure by defendant during the taking of the plea that he had been drinking immediately prior to the commission of the crime negated the specific intent required to establish the crime to which defendant pleaded guilty.

A review of defendant's brief and the transcript of the plea examination discloses that the question sought to be reviewed is unsubstantial and requires no argument or formal submission. Evidence that defendant had been drinking does not negate the existence of a specific intent in a guilty plea. *People v. Paul* (1968), 13 Mich App 175. The plea transcript reveals an extensive examination of the defendant as to the facts of the crime and defendant's participation in it. The transcript further shows that the defendant did by his plea affirm the existence of such intent.

This record does not disclose a miscarriage of justice. *People v. Fred W. Thomas* (1967), 7 Mich App 519.

Affirmed.