PEOPLE *v.* MULLIGAN

1. CRIMINAL LAW—PLEA OF GUILTY—TRUTHFULNESS.

Accepting defendant's plea of guilty of felonious assault was not error even though the defendant's recitation indicated that the stabbing in question was accidental, where the defendant later indicated his willingness to tell the truth and the court then continued the examination and determined the defendant's guilt.

2. CRIMINAL LAW—PLEA OF GUILTY—INTOXICATION.

Plea of guilty was properly accepted where the record reveals defendant's ability to recall the details of the crime, the court elicited a detailed version of the acts regarding the crime, and defendant's claim of intoxication was not substantiated by the record.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 February 3, 1971, at Lansing. (Docket No. 9721.) Decided February 26, 1971.

Richard William Mulligan was convicted, on his plea of guilty, of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *John J. Sullivan,* Chief Assistant Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 484–496.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM. Defendant appeals from his conviction upon a plea of guilty to the charge of assault with a deadly weapon, MCLA § 750.82 (Stat Ann 1962 Rev § 28.277). He was originally charged with assault with intent to commit murder, MCLA § 750.83 (Stat Ann 1962 Rev § 28.278), after he allegedly stabbed a woman in a laundromat. On appeal, he claims that the trial court erred in accepting his guilty plea when the examination revealed serious doubts as to the truthfulness of his plea. *People* v. *Stewart* (1968), 10 Mich App 553. We note, however, that the trial judge did refuse to accept defendant's plea when his factual recitation indicated the stabbing was accidental. It was only after the defendant stated that he had been lying and was then willing to tell the truth that the trial court continued. The court then conducted a lengthy explanation of the elements of felonious assault and carefully ascertained the defendant's guilt before finally accepting the plea.

Defendant's contention that the court should not have accepted the plea because of his intoxication is in no way substantiated by the record. The record reveals that the defendant was able to recall the events and the trial court elicited a detailed version of the defendant's acts regarding the crime. *People* v. *Duncan* (1969), 17 Mich App 710.

The trial court is affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.