PEOPLE v. McCORMICK

1. CRIMINAL LAW—PLEA OF GUILTY—ENUMERATION OF PRIVILEGE AGAINST SELF-INCRIMINATION.

A plea of guilty is voluntary even though the trial judge did not advise the defendant of his constitutional privilege against compulsory self-incrimination.

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—SPECIFIC INTENT.

Acceptance of defendant's plea of guilty of assault with intent to murder *held* proper even though defendant contended that his testimony was equivocal and indicated that he might have lacked the requisite specific intent because he was "high" on drugs where the police officer who was the object of the crime charged gave ·detailed testimony of defendant's actions and statements which indicated that defendant did have the requisite intent and which negated defendant's possible defenses.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 April 7, 1971, at Lansing. (Docket Nos. 9815, 9816, 9817.) Decided April 29, 1971. Leave to appeal granted, conviction vacated, and remanded, 387 Mich 768.

George McCormick was convicted, on his plea of guilty, of assault with intent to murder. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

*Frank J. Kelley,* Attorney General, Robert A. *Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*John H. Murphy,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

PER CURIAM. On April 6, 1970, the defendant pled guilty to a charge of assault with intent to murder, MCLA § 750.83 (Stat Ann 1962 Rev § 28.278). At the time he entered his plea, he was represented by counsel; among other things, he was advised on the record of his right to trial by judge or jury, and of his right to confront the witnesses against him. He was further advised that the maximum penalty was life imprisonment. He was sentenced to a term of 35 to 60 years in prison.

On appeal, defendant first alleges that it was error for the trial court to fail to advise him of his constitutional privilege against compulsory self-incrimination. This argument was considered by this Court and decided adversely to the defendant's position. *People* v. *Jaworski* (1970); 25 Mich App 540, *leave to appeal granted,* 384 Mich 766.

Defendant also contends that it was error to accept his guilty plea because his testimony was equivocal and indicated that he might have lacked the requisite specific intent because he was "high on drugs," citing for support *People* v. *Stoner* (1970), 23 Mich App 598; *People* v. *Creger* (1969), 16 Mich App 59; *People* v. *Mason* (1968), 13 Mich App 277; and *People* v. *Richard E. Johnson* (1967), 8 Mich App 204.

Defendant's testimony did not negate specific intent, although it did show the possibility of a defense. The trial court took testimony from the police officer who was the object of the defendant's assault with intent to murder. The officer's detailed testimony concerning defendant's statements and action regarding the crime indicated that the defendant did have the requisite intent. The taking of this additional testimony distinguishes this case from those cited in support of defendant's position and complies with the recommendation in *People* v. *Stoner, supra,* that the prosecution produce evidence of specific intent in order to negate that possible defense. Considering all of the testimony at the time the guilty plea was entered, there was a factual basis for the plea.

The other issue raised by the defendant does not merit discussion.

Affirmed.