PEOPLE *v*. GARCIA

1. HOMICIDE—MURDER—MALICE—USE OF DANGEROUS WEAPON—IN-
FERENCE.
Malice may be inferred where death results from a dangerous
weapon.

2. CRIMINAL LAW—PLEA OF GUILTY—DEFENSES—COURT'S INQUIRY.
The trial court, before accepting a guilty plea, need not make
an exhaustive examination as to possible defenses, even if
the testimony of the accused gives some indication that defenses
might have been raised at trial, where the defendant is rep-
resented by counsel.

Appeal from Van Buren, David Anderson, Jr., J.
Submitted Division 3 September 7, 1971, at Grand
Rapids. (Docket No. 10151.) Decided September
28, 1971.

Domingo Garcia was convicted, on his plea of
guilty, of second-degree murder. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *William C. Buhl,*
Prosecuting Attorney, for the people.

*Horace W. Adams,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and
T. M. BURNS, JJ.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  40 Am Jur 2d, Homicide §§ 265–267.
[2]  21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam. Defendant pled guilty to murder in the second degree. CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549). At the plea hearing, defendant testified that he stabbed deceased with a knife, believing deceased to be unarmed, and that he stabbed with the intent to wound. Portions of defendant's testimony tend to indicate that he was somewhat drunk at the time of the killing and that he and deceased were in a fight. On appeal defendant asserts that the trial court did not make sufficient inquiry into the facts to establish malice and that the trial court should have made inquiry into the possible defenses of self-defense and intoxication.

Where death results from a dangerous weapon, malice may be inferred. *People* v. *Case* (1967), 7 Mich App 217; *People* v. *McKeller* (1971), 30 Mich App 135; *People* v. *Morrin* (1971), 31 Mich App 301. Such inference of the specific intent is a reasonable ascertainment of the truth of the plea. *People* v. *Herbert Sanders* (1970), 28 Mich App 274.

Defendant was represented by counsel at all stages of the proceedings. At no stage of the proceedings, including this appeal, did the defendant assert or claim either of the above-noted defenses. Where defendant is represented by counsel, the trial court need not make exhaustive examination as to the possible defenses, even if the testimony of the accused gives some indication that defenses might have been raised at trial. *People* v. *Edwards* (1970), 27 Mich App 83; *People* v. *Spencer* (1970), 23 Mich App 56. In light of the lack of any positive claim of these defenses, to reverse would exhault form over substance.

Affirmed.