PEOPLE v KETOLA

CRIMINAL LAW—DEFENSES—INTOXICATION—PLEA OF GUILTY—FAC-
TUAL BASIS.
  Defendant's plea of guilty was properly accepted even though
  the defendant contended that he was intoxicated and didn't
  know what he was doing at the time of the crimes charged,
  specific intent crimes, where the testimony of the defendant
  at the plea-taking indicates defendant's awareness of his
  involvement in the offenses charged and his ability to recollect
  the events at the scene of the crimes with a substantial degree
  of specificity.

Appeal from Oakland, Arthur E. Moore, J. Sub-
mitted Division 2 December 13, 1971, at Lansing.
(Docket No. 12157.) Decided January 26, 1972.

Edward A. Ketola was convicted, on his plea of
guilty, of attempted breaking and entering with in-
tent to commit larceny and possession of burglary
tools. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Thomas G. Plunkett*,
Prosecuting Attorney, *Dennis Donohue*, Chief Ap-
pellate Counsel, and *William G. Wolfram*, Assistant
Prosecuting Attorney, for the people.

*Smith, Magnusson, Anderson & Chartrand*, for
defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 107.

Before: Quinn, P. J., and J. H. Gillis and Van Valkenburg,* JJ.

Per Curiam. Defendant pled guilty to charges of attempted breaking and entering with intent to commit larceny, a violation of MCLA 750.110; MSA 28-.305, and attempted possession of burglary tools, a violation of MCLA 750.116; MSA 28.311. In this appeal it is claimed that the trial court erred in accepting his guilty plea without making further inquiry in order to ascertain whether or not defendant had a valid defense based on his alleged intoxication. Defendant's contention is principally grounded upon the following colloquy which took place at the guilty plea hearing:

*"The Court:* What did you do?

*"Defendant Ketola:* Well, we were out, we left the house and it was right after the holidays, after Christmas and we were drinking and we had about a case of beer. Then we stopped by Fred's house and got $10 and bought another case of beer. By that time we were pretty well drunk and we were driving out toward Walled Lake, and we went by this loan company place and we went around to the back of it and went inside of it. After we got in there, I had been working on construction, and doing a job over here in Berkley and I had some tools that I, in the trunk, that I was working with on this job and so we went in there and took the tools and went around and opened the door and after we realized what we had done, we said, let's get out of here, but it was too late. We didn't touch, I told them to forget it, leave everything as it was and let's just leave. We had been drinking, both of us.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*The Court:* You did have tools then, tools for burglary, and you did have and made an attempt to possess them for that use?

"*Defendant Ketola:* I didn't have the tools there for that reason. I had the tools in there for another reason. I knew the tools were in there and I used them for that purpose, but I didn't bring them, I have a saw, a drill, and a bunch of stuff in there."

It is well established that evidence of intoxication can negate the requisite specific intent necessary to sustain a defendant's conviction for a crime which requires proof of specific intent. *People v Kelley,* 21 Mich App 612 (1970); *People v Crane,* 27 Mich App 201 (1970); *People v Stoner,* 23 Mich App 598 (1970). The situation in *Stoner* is somewhat similar to the case now before us in that there the defendant also claimed he was drunk and indicated that he did not know what he was doing at the time the alleged crime was committed. However, in *Stoner* the defendant could not recall participating in either the planning or the commission of the crime. Therefore, as the court correctly concluded, a factual basis[1] for the guilty plea was not established.

Considering the case presently before us, the above quoted testimony of defendant indicates that he not only had an awareness of his involvement in a burglary, but also that he was able to recollect the events at the scene of the crime with a substantial degree of specificity. The significance of a defendant's recollection of the events at the time the alleged crime was committed has been noted by a number of decisions of this Court sustaining guilty pleas. *People v Duncan,* 17 Mich App 710 (1969); *People v Williams,* 27 Mich App 567, 571 (1970). In *Williams* the Court stated:

---

[1] *People v Bartlett,* 17 Mich App 205, 208–209 (1969); GCR 1963, 785.3(2).

"It is argued that the defendant was so intoxicated that he was not able to have the requisite specific intent. However, the defendant was represented by counsel and was able to recount in detail exactly what happened at the time of the crime. He explained to the court how he gained entrance and what he did after he gained entrance. As in *People v Nicholson* (1969), 18 Mich App 603, this Court is satisfied that defendant's intoxication did not negate the requisite specific intent, because defendant could recall his acts in detail."

Likewise, there was no reversible error in the trial court's acceptance of the defendant's plea of guilty in the present case.

Affirmed.