PEOPLE v BURTON

Docket No. 55514. Argued April 10, 1975 (Calendar No. 5).—Decided
April 1, 1976.

Harvey Burton, Jr., was convicted on his plea of guilty of second-
degree murder, in the Lenawee Circuit Court, Rex B. Martin, J.
On defendant's appeal, the Court of Appeals, J. H. Gillis, P. J.,
and V. J. Brennan and O'Hara, JJ., granted a motion to affirm
the conviction (Docket No. 17282). Defendant appeals, arguing
that his plea was improperly accepted and that his sentence
constitutes cruel and unusual punishment. *Held:*

1. In accepting a plea of guilty, the trial judge is not required
by the court rule on pleas of guilty, nor was he required before
the rule was adopted, to advise the defendant of a potential
defense such as "provocation" or "diminished capacity". Even
though a defendant asserts he was intoxicated or narcoticized
at the time the offense was committed, the judge may accept a
plea of guilty as long as the defendant sufficiently recalls facts
and circumstances which tend to show he participated in the
commission of the offense.

2. The sentence of 50 to 80 years is within the range permit-
ted by statute for second-degree murder. Since the enactment
of the indeterminate sentence statute the Court has eschewed
review of the exercise of the trial judge's sentencing discretion.
The Court is not yet prepared to undertake appellate review of
sentencing.

Affirmed.

1. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—DEFENSES
—INTOXICATION.

A trial judge, in accepting a plea of guilty, is not obliged to
examine the defendant regarding a possible intoxication de-
fense even though it appears during the plea-taking colloquy
that such a defense might be raised, either under the present
court rule on pleas of guilty or the practice before the present
rule was adopted (GCR 1963, 785.7).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 107, 108, 487, 492.
[3] 21 Am Jur 2d, Criminal Law §§ 533, 572.

2. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—FACTUAL
   BASIS—INTOXICATION.

   A plea of guilty may be accepted even though a defendant asserts
   that he was intoxicated or narcoticized at the time the offense
   was committed, as long as the defendant sufficiently recalls
   facts and circumstances which tend to show that he partici-
   pated in the commission of the offense.

3. CRIMINAL LAW—SENTENCES—APPEAL AND ERROR.

   The Supreme Court has eschewed any reviewing function for
   itself or the Court of Appeals with regard to the exercise of the
   trial judge's sentencing discretion since enactment of the inde-
   terminate sentence law, which vests in the parole board the
   power to release prisoners before service of the maximum
   sentence, and is not yet prepared to take the step of appellate
   review of sentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harvey A. Koselka,* Prosecuting Attorney, and Prosecuting Attorneys' Appellate Service *(Edward R. Wilson,* Director, and *Aloysius J. Lynch,* Special Assistant Attorney General), for the people.

*State Appellate Defender Office* (by *Steven L. Schwartz* and *Stuart Israel,* Assistant Defenders) for defendant.

LEVIN, J. Harvey Burton pled guilty to second-degree murder. The Court of Appeals granted a motion to affirm.

Burton was held on an "open" charge of murder. He waived preliminary examination and an "open" charge information was filed. It appeared to this Court that Burton might have been over-charged and his plea of guilty offered under the constraint of an unwarranted first-degree murder charge. We remanded to the district court for the holding of a preliminary examination to determine whether there was probable cause to find that the

crime of first-degree murder was committed and that the defendant committed that offense.[1]

The district judge found that there was probable cause to believe that the killing had been committed by Burton in the perpetration of or attempt to perpetrate a robbery and that a charge of first-degree murder was justified.[2] It now appears that the prosecutor had a basis for filing a first-degree information.

We affirm Burton's conviction of second-degree murder.

I

During the plea-taking colloquy Burton said that he spent the afternoon and evening of the homicide drinking beer with his brother in a number of taverns. They saw an acquaintance, the decedent, in one of the bars and had a few beers with him. The decedent asked Burton for a ride home. Burton and the decedent went to another bar and stayed until it closed; they bought some beer, put it in Burton's trunk, and "just started riding around".

While riding in Burton's car, the decedent kissed Burton on the cheek and said, "Burton, I love you". Burton responded by hitting him twice with his fist. The decedent desisted. A short while later Burton stopped the car, got out and opened the trunk to get a beer. The decedent got out of the car, grabbed Burton's hair and pulled Burton towards him, saying, "Kiss me". Burton hit the decedent, grabbed the jack out of the open trunk and repeatedly hit the decedent over the head

---

[1] *People v Burton,* 394 Mich 906 (1975).

[2] At the remand hearing there was evidence presented tending to show that the victim's wallet had been taken.

with it. He then threw the jack back into the trunk and drove away.

Burton contends the judge erred in failing to inquire and advise him regarding the potential defenses of "provocation" and "diminished capacity".[3] Additionally, he contends that his sentence of 50 to 80 years constitutes cruel and unusual punishment.

## II

Rule 785.7(1)(a), adopted after Burton's plea was accepted,[4] required the judge to advise the defendant of "the general nature of the charge to which the plea is offered" and further provided that "the court is not obliged to, but may explain the elements of the offense or any defenses possible". The current rule similarly provides that the "court is not obliged to explain the elements of the offense, or possible defenses".[5]

We may appropriately consider the current rule in deciding whether a pre-rule 785.7 plea was properly accepted. In *People v Armstrong,* 390 Mich 693, 700; 213 NW2d 190 (1973), this Court said that it would not apply "a standard more

[3] Burton contends that for purposes of the intoxication defense the distinction between general and specific intent should be abolished and "gross drunkenness", where involuntary due to alcoholism, should be recognized as a defense which negates the element of intent required for murder.

Burton concedes that his history of mental illness and "violent, irrational behavior" did not render him legally insane under Michigan's *"M'Naghten* right-wrong rule plus irresistible impulse" test *(see People v Martin,* 386 Mich 407, 418; 192 NW2d 215 [1971]). However, he argues that given his "diminished capacity" to "intend and appreciate his acts", he was not guilty of second-degree murder.

[4] Rule 785.7(1) was adopted March 16, 1973, effective June 1, 1973. 389 Mich liii. Burton's plea was accepted January 18, 1973. He was sentenced March 1, 1973.

[5] 395 Mich xlvi.

stringent than the standard presently in force" to a plea taken before the effectiveness of the rule.

In reviewing convictions on pre-rule 785.7 pleas of guilty, the Court of Appeals has held that the judge is not obliged to examine the defendant regarding a possible intoxication defense even though it appears during the plea-taking colloquy that such a defense might be raised.[6] We are of the same opinion.

Although Burton said he spent the afternoon and evening of the homicide drinking beer in a number of taverns, he did not claim he was unable to recall the events. His recital of what occurred distinguishes this case from *People v Stoner,* 23 Mich App 598, 602; 179 NW2d 217 (1970), where the defendant asserted "that he was so deeply intoxicated that he could not recall his participation in the commission of the offense".

Even though a defendant asserts he was intoxicated or narcoticized at the time the offense was committed, the judge may accept a plea of guilty as long as the defendant sufficiently recalls facts and circumstances which tend to show he participated in the commission of the offense.[7]

### III

Burton claims that his sentence of 50 to 80 years is cruel and unusual punishment.

[6] *See People v Spencer,* 23 Mich App 56; 178 NW2d 130 (1970); *People v Garcia,* 36 Mich App 141; 193 NW2d 187 (1971); *People v Ketola,* 38 Mich App 222; 195 NW2d 920 (1972); *People v Catlin,* 39 Mich App 106; 197 NW2d 137 (1972).

[7] *See People v Paul,* 13 Mich App 175; 163 NW2d 803 (1968); *People v Carter,* 17 Mich App 365; 169 NW2d 482 (1969); *People v Duncan,* 17 Mich App 710; 170 NW2d 301 (1969); *People v Spencer, supra; People v Williams,* 27 Mich App 567, 571; 183 NW2d 830 (1970); *People v Montgomery,* 43 Mich App 205, 207; 204 NW2d 82 (1972); *People v Ketola, supra; People v Catlin, supra.*

The statute provides that upon conviction of murder in the second degree the offender may be "punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court".[8]

Since the enactment of the indeterminate sentencing law, which vests in the parole board the power to release prisoners before service of the maximum sentence,[9] this Court has eschewed any reviewing function for itself or the Court of Appeals with regard to the exercise of the trial judge's sentencing discretion.[10] We appreciate that a strong case can be made for appellate review of sentencing.[11] This Court is not, however, yet prepared to take that step.[12]

Affirmed.

KAVANAGH, C. J., and WILLIAMS, COLEMAN, and FITZGERALD, JJ., concurred with LEVIN, J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.

---

[8] MCLA 750.317; MSA 28.549.

[9] *People v Murray,* 72 Mich 10; 40 NW 29 (1888), was decided before the 1902 amendment to the Constitution of 1850 which added § 47 to article 4 authorizing the enactment of an indeterminate sentence law.

[10] *See People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), relied on by Burton, is not in point. There this Court held that a statutorily-prescribed mandatory minimum sentence of 20 years (MCLA 335.152; MSA 18.1122) for the sale of marijuana was violative of the constitutional provision prohibiting cruel and unusual punishments (US Const, Am VIII; Const 1963, art 1, § 16).

[11] *See* American Bar Association Project on Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences (Approved Draft, 1968).

[12] Although Burton was sentenced to serve a term of 50 to 80 years, the parole board will have jurisdiction after he has served 10 calendar years. MCLA 791.234; MSA 28.2304.