PEOPLE *v.* RICHARD E. JOHNSON.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

The Court of Appeals does not pass upon issues not necessary to decision of a case.

2. SAME—MANSLAUGHTER—PLEA OF GUILTY—CONSEQUENCES OF PLEA.

Claim of defendant, who pled guilty to and was convicted of manslaughter, that his conviction must be reversed for failure of the trial court to comply with the applicable court rule requiring that, after entry of such plea, an accused be advised of the "consequences of his plea" is not considered by the Court of Appeals, where unnecessary to disposition of case (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT.

The best procedure by which a court decides to accept or refuse a defendant's plea of guilty to a criminal charge is by allowing defendant to recount the attending events that describe his involvement in the offense (GCR 1963, 785.3[2]).

4. SAME—PLEA OF GUILTY—VOLUNTARINESS OF PLEA.

The voluntariness of a defendant's plea of guilty to a criminal charge is not merely a question of whether the plea was entered on the record, but what the defendant actually did, and where his answers are qualified and limited, they are not sufficient to support a plea of guilty (GCR 1963, 785.3[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  5 Am Jur 2d, Appeal and Error § 760.
[3]  21 Am Jur 2d, Criminal Law § 492.
[4]  21 Am Jur 2d, Criminal Law § 486.
[5]  21 Am Jur 2d, Criminal Law §§ 486, 492, 494.
[6, 7]  21 Am Jur 2d, Criminal Law §§ 486, 492.

5. SAME—VOLUNTARINESS OF PLEA—EXAMINATION BY COURT—REJECTION OF GUILTY PLEA.

The Court of Appeals is cognizant of the tendency of defendants accused of crime to hold back facts when pleading guilty, particularly when the plea of guilty is proffered to a lesser offense, giving just sufficient facts to make up the elements of the lesser offense, but when a defendant's testimony discloses that he is not truthful or has failed to reveal all the facts, the trial court should refuse to accept his plea of guilty (GCR 1963, 785.3[2]).

6. SAME—PLEA OF GUILTY—EXAMINATION BY COURT.

Examination of criminal defendant pursuant to court rule, following a plea of guilty to the charges placed against him, which results in the defendant supplying the facts necessary to constitute the crime charged only upon the urgings of the trial court and his own counsel, is inconsistent with the intent of the court rule requiring such examination for the purpose of ascertaining the truth (GCR 1963, 785.3[2]).

7. SAME—MANSLAUGHTER—VOLUNTARINESS OF PLEA OF GUILTY—EXAMINATION BY COURT.

Defendant's conviction of manslaughter, following a plea of guilty thereto after 2 days' trial, held, error, and to require remand of case for new trial, where, upon examination by the court following entry of the plea, defendant gave answers indicating that the decedent's death was caused purely by accident, and it was only upon the urgings of the trial court and his own counsel that he related facts of an equivocal nature sufficient to constitute the crime charged, since the purpose of the applicable court rule requiring such examination is to determine the truth, and a plea of guilty should be rejected whenever a defendant's statements are equivocal or indicate only a qualified admission of the facts necessary to constitute the offense (CL 1948, § 750.321; GCR 1963, 785-.3[2]).

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 June 6, 1967, at Grand Rapids. (Docket No. 2,820.) Decided November 24, 1967.

Richard Eugene Johnson was convicted of manslaughter upon a plea of guilty entered after two days of trial. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Cholette, Perkins & Buchanan (William J. Addison,* of counsel), for defendant.

WISE, J. The instant case grew out of the death of one Willie Wade Kilgore. The facts reveal that the decedent had been fishing from a trestle extending over the Grand river, in the city of Grand Rapids, Michigan, when he was either intentionally or accidentally pushed, shoved, or struck by the defendant, Richard Eugene Johnson, into the aforementioned river. As a result of the fall the decedent met his death by drowning.

On May 22, 1964, proceedings by information were filed charging that on May 16, 1964, the defendant and one Bernard Lightfoot did murder the deceased. The charges however were dismissed as to Lightfoot and on July 6, 1964, an amended information was filed, charging the defendant with the crime of manslaughter.[1]

The defendant pleaded not guilty to the charge and after a preliminary examination, trial was commenced in the superior court of Grand Rapids on September 9, 1964. After two days of trial, at the conclusion of the prosecution's case, the defendant, through counsel, moved to withdraw his plea of not guilty and enter a plea of guilty to the crime of manslaughter. The plea of guilty was accepted by the court and subsequently the defendant was sentenced for a term of 7-1/2 years to 15 years in the State prison of southern Michigan at Jackson.

---

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).

The defendant's counsel thereafter filed a motion and an amended motion to set aside the plea of guilty and for a new trial, which were denied by the trial court on March 16, 1966. It is from the adverse rulings that the defendant brings the instant appeal.

On appeal, the defendant raises two assignments of error. First, the defendant contends that the trial court prior to sentencing failed to properly inform him of the "consequence of his plea" in conformity with GCR 1963, 785.3(2).[2] Second, the defendant contends that the trial court erred in accepting the plea of guilty.

To ascertain whether the trial court adhered to the mandate of GCR 1963, 785.3(2) we look to the proceeding at which the defendant entered his plea and the following colloquy:

"*Mr. Gruel.* [Counsel for defendant]. Mr. Johnson and myself have discussed this matter, your Honor, and he has informed me after giving careful consideration and asking my advice, he wishes to enter a plea of guilty at this time. * * *

"*The Court.* Richard Eugene Johnson, you heard the statement made by your attorney, Mr. Grant Gruel, that you desire to withdraw your plea of not guilty heretofore entered in this cause, and enter a plea of guilty to the charge of manslaughter.

"*The defendant.* Yes, your Honor.

"*The Court.* You do understand the charge placed against you by the people of this State in that we have gone through two days of trial, also you have

[2] "(2) Imposing Sentence. If accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

had extensive, heard extensive testimony in police court in examination. The jury has been here for two days, and you do understand this charge, is that correct?

"*The defendant.* Yes, your Honor. \* \* \*

"*The Court.* Now knowing this, that is, your right to have the jury determine this, and also understanding this charge fully and going over the same with your attorney, Mr. Grant Gruel, is it your desire to withdraw your plea of not guilty?

"*The defendant.* Yes.

"*The Court.* Then how do you plead?

"*The defendant.* I plead guilty, your Honor. \* \* \*

"*The Court.* I want you to know that this is a serious charge and that this carries a prison sentence. Do you understand that?

"*The defendant.* Yes, sir."

The defendant herein contends that the statement of the trial court to the effect that the crime he was charged with "carries a prison sentence" was insufficient to fulfill the requirement of the court rule, that the accused shall be informed of the "consequence of his plea." We will not however pass on this claimed error in that it is not necessary to our decision in the instant appeal.

The defendant contends that the trial court was in error in accepting his plea of guilty. "The form and manner of this examination by the judge has not been prescribed but is left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense." *People* v. *Bumpus* (1959), 355 Mich 374, 380, cited in *People* v. *Reed* (1965), 1 Mich App 60. See, also, *People* v. *Coates* (1953), 337 Mich 56.

A reading of the record of the proceedings reveals that the defendant appeared to be uncertain as to whether he intentionally or accidentally pushed the deceased to his death.

"*The Court.* You did intentionally place your hands on him, you did that knowing what you were doing, put your hands on him?

"*The defendant.* Not exactly at the time. I didn't mean to push the kid into the river. I didn't, you know, my hand hit him when I was coming down the pillar.

"*Mr. Gruel.* I think the court is asking, Mr. Johnson, whether you intended to hit him when you went down there?

"*The Court.* All right, I am not asking you whether you intended to drown him, but whether you did intend to hit him or push him. That was your intention?

"*The defendant.* My intention was to hit him, you know for using foul language against me.

"*The Court.* When you did get down, you did hit him?

"*The defendant.* No, I actually didn't. My hand hit him. I didn't have my fist up or nothing.

"*The Court.* But you did hit him wilfully, but I mean, you intended to hit him, and you did intentionally place your hands on him.

"*The defendant.* Not intentionally.  *  *  *

"*The Court.* But by pushing him, you did push him into the river, is that correct?

"*The defendant.* I accidentally pushed him in.

"*The Court.* Accidentally pushed him?

"*The defendant.* I didn't have no intention to push him in the river.  *  *  *.

"*Mr. Gruel.* Dick, you understand what the judge is asking you, don't you, you went down there intending to beat him up, didn't you?

"*The defendant.* Yes, sir.

"*Mr. Gruel.* And in the process of attempting to go after him, you hit him with your hand, is that correct?

"*The defendant.* That is correct."

It was only upon the urgings of the trial court and defendant's own counsel that the facts were

made to fit the crime charged. This type of examination is certainly inconsistent with the intent of the court rule and the desire for ascertainment of the truth. Viewing the proceedings in their entirety we conclude that the equivocal nature of the defendant's answers should have led the trial court to conclude that a question of fact had been presented and accordingly reject the plea of guilty.

The language of 1 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 325, p 389, is particularly applicable to the instant case. It reads:

"In ascertaining whether or not the respondent's plea is voluntary, it is not a question merely of whether a plea of guilty was entered on the record, but what the respondent actually did. Where his answers are *qualified and limited* they are not sufficient to support a plea of guilty." (Emphasis supplied.)

See, also, *People* v. *Merhige* (1920), 212 Mich 601; *People* v. *Barrows* (1959), 358 Mich 267. Allowing the defendant to recount the attending events that describe his involvement in the offense charged is the best procedure by which the court decides to accept or refuse the plea of guilty. However, this Court is cognizant of the tendency of defendants to hold back facts when pleading guilty or when a plea to a lesser offense is being proffered, to give just sufficient facts to make up the elements of the lesser offense. When the defendant's testimony discloses that he is not truthful or has failed to reveal all the facts, the court should refuse to accept the plea of guilty.

We conclude therefore after a consideration of the facts and the issues raised that a new trial is in order.

Reversed and remanded.

HOLBROOK, P. J., and BURNS, J., concurred.