PEOPLE v. BARRON

1. CRIMINAL LAW—PLEA OF GUILTY—INDICTMENT.
   Contention of defendant that it was improper for trial court to deny his motion to set aside a plea of guilty of second-degree murder without examining an allegation that he was promised leniency was without merit where it appears that defendant's counsel stated an opinion that a plea of guilty would result in leniency and there was no indication of any agreement between counsel and the prosecutor.

2. HOMICIDE—PLEA OF GUILTY—SELF-DEFENSE.
   A court does not have to apprise a defendant of a self-defense argument before accepting a plea of guilty of second-degree murder ((MCLA § 750.317).

3. CRIMINAL LAW—HOMICIDE—PLEA OF GUILTY—COURTS.
   Defendant's claim that it was error for one judge to preside at the arraignment and sentencing and for another to hear his motion to set aside a plea of guilty of second degree murder, is without merit.

Appeal from St. Clair, Stanley C. Schlee and William John Beer, JJ. Submitted Division 2 June 18, 1970, at Lansing. (Docket No. 7,560.) Decided July 31, 1970.

Elias Flores Barron was convicted, on his plea of guilty, of second-degree murder. Defendant's motion to have plea set aside and for jury trial denied. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 504, 505.
[2] 21 Am Jur 2d, Criminal Law §§ 487, 489, 492.
[3] 21 Am Jur 2d, Criminal Law § 492.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter W. Turton,* Prosecuting Attorney, for the people.

*Ernest F. Oppliger,* for defendant on appeal.

Before: Fitzgerald, P. J., and R. B. Burns and Danhof, JJ.

Per Curiam. Defendant was charged with first-degree murder.[1] He pled guilty to the charge of second-degree murder.[2] During the arraignment defendant testified that he shot the victim after she swung a screwdriver at him.

After being sentenced to life imprisonment defendant moved to have his guilty plea set aside and his case heard by a jury. The motion was argued and denied. Defendant appeals, asking that his guilty plea be set aside.

Defendant contends that it was improper for the court to deny his motion to set aside the guilty plea without examining the allegation that defendant was promised leniency. This contention is without merit. The allegation was not one to indicate the necessity for further inquiry. It appears that defendant's counsel stated an opinion that a guilty plea would result in leniency. There is no indication of any agreement between counsel and the prosecutor. *People* v. *Bartlett* (1969), 17 Mich App 205.

Defendant also contends that the court should have apprised him of a self-defense argument before accepting the guilty plea. Two recent decisions specifically state that the court does not have to go this far before accepting a plea. *People* v. *Bartlett,*

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).—Reporter.
[2] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).—Reporter.

*supra; People* v. *Stoner* (1970), 23 Mich App 598, 607.

Defendant further contends that he did not understand the implication of the plea pursuant to GCR 1963, 785.3(2). An examination of the arraignment record indicates that defendant was apprised of all of his rights and told of the consequences of his plea.

Defendant's final claim that it was error for one judge to preside at the arraignment and sentencing and another to hear his motion to set aside the guilty plea is without merit.

Affirmed.