PEOPLE *v.* EDWARDS

1. HOMICIDE — MANSLAUGHTER — SELF-DEFENSE — PLEA OF GUILTY — FACTUAL BASIS.

Questioning of defendant at the time of a plea of guilty of manslaughter provided adequate factual basis for its acceptance where the testimony at the preliminary examination indicated that defendant might well have been found guilty upon trial even if self-defense were raised.

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 54–70.
[2] 21 Am Jur 2d, Criminal Law §§ 459, 484–496.

2. CRIMINAL LAW—PLEA OF GUILTY—DEFENSES—COUNSEL.

    Trial court need not make exhaustive examination as to possible defense in accepting a plea of guilty even if the testimony of the accused gives some indication that such a defense might be raised at trial where the accused is represented by adequate counsel and no miscarriage of justice occurred.

Appeal from Cass, Chester Byrns, J. Submitted Division 3 August 18, 1970, at Detroit. (Docket No. 8,790.) Decided October 1, 1970.

Edna Jackson Edwards was convicted, on her plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Herman A. Saitz,* Prosecuting Attorney, for the people.

*Glen Squiers,* for defendant on appeal.

Before: FITZGERALD, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. Defendant's application for delayed appeal having been granted, we are urged to set aside a guilty plea entered by defendant on September 11, 1967, to a charge of manslaughter.[1]

Defendant, in her motion for new trial and on appeal, argues that the guilty plea must be vacated because the trial court failed to make sufficient inquiry into the possible theory of self-defense.

Defendant was represented by counsel at all stages of the proceedings below. Self-defense, how-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

ever, was not raised until the motion for new trial. An examination of the records of both the guilty plea and the preliminary examination indicates that the deceased, defendant's husband, was shot three or four times. There was also testimony at the preliminary examination that would indicate that the defendant had made previous threats to resort to the use of a gun to resolve their differences.

The questioning of the defendant at the time of the plea provided adequate factual basis for its acceptance. The testimony at the preliminary examination indicates that the defendant might well have been found guilty upon trial, even if self-defense were raised. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Carlisle* (1969), 19 Mich App 680. Where the accused is represented by adequate counsel, the trial court need not make exhaustive examination as to possible defenses, even if the testimony of the accused gives some indication that such a defense might be raised at trial. *People* v. *Spencer* (1970), 23 Mich App 56.

Under the circumstances here, we do not find that a miscarriage of justice has occurred. *People* v. *Stearns* (1968), 380 Mich 704.

Affirmed.

All concurred.