### PEOPLE *v.* SEPULVADO
#### Opinion of the Court

1. Criminal Law—Constitutional Law—Plea of Guilty—Voluntariness—Waiver.

    Decision of the United States Supreme Court relating to waiver of a defendant's constitutional rights in the taking of the plea of guilty is not retroactive and does not effect the validity of a plea of guilty taken before the date of the decision, June 2, 1969.

2. Criminal Law—Constitutional Law—Plea of Guilty—Voluntariness—Enumeration of Rights—Waiver.

    Decision of United States Supreme Court which holds that the right against compulsory self-incrimination, of trial by jury, and to confront one's accusers are waived by entry of a plea of guilty, and for this reason a record must be made of the voluntariness of the plea, does not require the specific enumeration and waiver of each of those constitutional rights.

3. Criminal Law—Constitutional Law—Plea of Guilty—Trial Record—Advice by Court.

    Finding that plea of guilty was freely, understandingly, and voluntarily made without compulsion or duress is supported

---

References for Points in Headnotes

[1–5] 21 Am Jur 2d, Criminal Law §§ 459, 484–496.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

by a record which shows among other things that defendant was specifically advised by the court of the maximum penalty the court could impose for assault with intent to murder and that defense counsel stated on the record that he had talked to the defendant "at great length concerning his constitutional rights."

DISSENTING OPINION

LESINSKI, C. J.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—FAILURE OF COURT TO ADVISE.

*Failure of the trial court at the time of the taking of a plea of guilty to advise defendant of his right against compulsory self-incrimination and his right to confront his accusers constituted reversible error.*

5. CRIMINAL LAW—CONTITUTIONAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—SPECIFICITY.

*Bare assertion of defense counsel that he advised defendant of his "constitutional rights" does not satisfy the specificity requirement of* Boykin v. Alabama *(1969), 395 US 238, because it cannot be inferred that counsel in fact advised defendant of his rights to trial by jury, against compulsory self-incrimination, and to confront his accusers.*

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 May 12, 1970, at Lansing. (Docket No. 8,344.) Decided October 1, 1970.

Gary Wayne Sepulvado was convicted, on his plea of guilty, of assault with intent to murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Edward Sosnick,* Assistant Prosecuting Attorney, for the people.

*Campbell, Lee, Kurzman & Leitman,* for defendant.

Before: Lesinski, C. J., and Danhof and Snow,* JJ.

Danhof, J. The defendant was charged with robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797) and assault with intent to murder, MCLA § 750.83 (Stat Ann 1962 Rev § 28.278). At his arraignment on April 30, 1969 the defendant, while represented by counsel, stood mute and the court then entered a plea of not guilty, as required by statute, MCLA § 767.37 (Stat Ann 1954 Rev § 28.977).

On August 1, 1969 the people moved to dismiss the robbery armed charge, and the defendant, while represented by counsel, pled guilty to the other count. On September 17, 1969 the defendant was sentenced to a term of 3 to 15 years in prison.

The only question on appeal is whether the trial court complied with the constitutional requirements in accepting a plea as stated in the case of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274).

The defendant argues that the *Boykin* decision requires on the record statements waiving (1) the privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. The record contains a statement waiving the right to trial by jury, but there is no statement specifically waiving the other two constitutional rights.

It is clear from the testimony at the time the guilty plea was taken that there was full compliance by the trial judge with the statutory and court rule requirements relative to accepting pleas of guilty, CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) and GCR 1963, 785.3. Recent decisions of the Michigan

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Supreme Court in *People* v. *Hobdy* (1968), 380 Mich 686, *People* v. *Dunn* (1968), 380 Mich 693, *People* v. *Stearns* (1968), 380 Mich 704, and *People* v. *Winegar* (1968), 380 Mich 719, settle the validity of the trial judge's acceptance of the defendant's plea unless, as argued, the later decision in *Boykin* v. *Alabama, supra,* requires additional interrogation by the trial judge.

This Court has previously held that *Boykin* does not apply retroactively. *People* v. *Taylor* (1970) 23 Mich App 595; *People* v. *Butler* (1970), 23 Mich App 643.

Since the oral argument in this case we have addressed the question of what application, if any, *Boykin* has to Michigan criminal cases. An extensive analysis and discussion was set forth in *People* v. *Jaworski* (1970), 25 Mich App 540, and we consider that case to be controlling here. *Boykin* does not require the specific enumeration and waiver of the three Federal constitutional rights listed before a guilty plea can be accepted. It does hold that waiver cannot be presumed from a silent record. Like *Jaworski,* the record in this case is not silent as to the voluntariness of the plea.[1]

---

[1] *"Mr. Newcomer:* People of the State of Michigan v. Gary Wayne Sepulvado, No. CR69–4884. Your Honor, this is a two-count information charging the defendant, along with a co-defendant whose name is Richard Eastham, with count 1, robbery armed, and count 2, assault with intent to murder.

"At this time I believe counsel for the defendant wishes to address the court.

*"Mr. Gordon:* If it please the court, we wish to change our plea as to count number 2, assault with intent to murder, from not guilty to guilty.

"I understand count number 1, robbery armed, will be dismissed.

*"Mr. Newcomer:* Yes. People would move that count 1 be dismissed.

*"The Court:* I will hold the ruling on the motion in abeyance.

*"Mr. Gordon:* I have talked to my client, Mr. Gary Sepulvado, at great length concerning his constitutional rights. He understands he could have a trial by jury or trial by this court, that he has not been offered any inducements. He has not been coerced, that he is doing this of his own free will,

The dissenting opinion in this case places some reliance upon *People* v. *Ferguson* (1970), 383 Mich

"*The Court:* You are Gary Wayne Sepulvado. Do you understand that the second count in this information brought by the people charges you with assault with intent to murder?

"*Mr. Sepulvado:* Yes, your Honor.

"*The Court:* And that if you were to plead guilty, the maximum penalty that could be imposed by this court would be life imprisonment?

"*Mr. Sepulvado:* Yes, your Honor.

"*The Court:* And that you are entitled to a trial of this cause, either by a jury or by the court at your option because it is the responsibility of the people to prove your guilt beyond a reasonable doubt. Do you understand that?

"*Mr. Sepulvado:* Yes.

. ."*The Court:* Do you understand and realize that if you plead guilty to this charge you waive the right and privilege of a trial?

"*Mr. Sepulvado:* Yes.

"*The Court:* And likewise additionally you subject yourself to this court for sentence. Do you understand that?

"*Mr. Sepulvado:* Yes.

"*The Court:* You have discussed this matter thoroughly with your counsel, Mr. Gordon?

"*Mr. Sepulvado:* Yes, I have.

"*The Court:* And with that as a background, is it your desire to plead guilty to this charge of assault with intent to murder?

"*Mr. Sepulvado:* Yes.

"*The Court:* Now tell me, when did this offense occur?

"*Mr. Sepulvado:* 22nd of March, 1968.

"*The Court:* And in what area, what city?

"*Mr. Sepulvado:* Pontiac.

"*The Court:* And what time of day?

"*Mr. Sepulvado:* Early morning.

"*The Court:* Specifically on what street, or if it was in a building, whereabouts was it?

"*Mr. Sepulvado:* On Saginaw near South Boulevard.

"*The Court:* It was on the street?

"*Mr. Sepulvado:* Yes.

"*The Court:* Were you armed at the time? Did you have a weapon on you?

"*Mr. Sepulvado:* No.

"*The Court:* You did not. Were you associated with someone else at this time?

"*Mr. Sepulvado:* Yes, I was.

"*The Court:* Who was the other person?

"*Mr. Sepulvado:* Richard Eastham.

"*The Court:* Was he armed?

"*Mr. Sepulvado:* Yes.

"*The Court:* What kind of weapon did he have?

"*Mr. Sepulvado:* Two pistols.

"*The Court:* Who did you assault? Who was the person you attempted to assault?

"*Mr. Gordon:* A gas station attendant at the Tulsa gas station.

645, which affirmed by an equally divided court. The affirming opinion in the *Ferguson* case held that the defendant should have been advised of the maximum sentence to which he exposed himself by a guilty plea. In the present case the record demonstrates that Mr. Sepulvado was specifically advised by the court that the maximum penalty that could be imposed if he pled guilty was life imprisonment. Additionally, defense counsel stated on the record that he had talked to Mr. Sepulvado "at great length concerning his constitutional rights."

The record supports the trial court's finding that the guilty plea was freely, understandingly and voluntarily made without compulsion or duress of any kind.

Affirmed.

Snow, J., concurred.

---

"*The Court:* Would his name have been James Perkins?

"*Mr. Sepulvado:* Yes.

"*The Court:* And what gas station was he in?

"*Mr. Sepulvado:* Tulsa.

"*The Court:* Tulsa?

"*Mr. Sepulvado:* Yes.

"*The Court:* And did you obtain any money or property from him?

"*Mr. Sepulvado:* Yes.

"*The Court:* What did you get?

"*Mr. Sepulvado:* Some bills and some small change.

"*The Court:* Was Mr. Perkins injured in the process?

"*Mr. Sepulvado:* Yes, he was.

"*The Court:* By a gunshot?

"*Mr. Sepulvado:* Yes, he was.

"*The Court:* Now tell me, have any promises or commitments of any kind been made to you to encourage you to plead guilty?

"*Mr. Sepulvado:* No, sir.

"*The Court:* Any violence or threat of violence been exercised against you to induce you to plead guilty?

"*Mr. Sepulvado:* No, sir.

"*The Court:* Very well. I find this plea of guilty to the charge of assault with intent to murder to be freely, understandingly and voluntarily made, without compulsion or duress of any kind being exercised against you, and I will accept your plea."

Lesinski, C. J. (*dissenting*). On August 1, 1969, defendant Gary Wayne Sepulvado was convicted, upon his plea of guilty, of assault with intent to murder, MCLA § 780.53 (Stat Ann 1962 Rev § 28.-278). Following sentencing, he appeals claiming that the plea was improperly accepted because the trial court failed to advise him of his constitutional rights under the Fifth and Sixth Amendments to the United States Constitution. The majority affirms the conviction upon the plea of guilty.

Upon the authority of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), applicable in the instant case, I find the trial court's failure to advise the defendant of his right against compulsory self-incrimination and his right to confront one's accusers constituted reversible error. See, also, *People* v. *Ferguson* (1970), 383 Mich 645, affirming, by an equally divided court (Justice T. G. Kavanagh not sitting), *People* v. *Ferguson* (1968), 13 Mich App 362 (opinion by Levin, J; T. G. Kavanagh, J., concurring); *People* v. *Taylor* (1970), 383 Mich 338 (concurring opinion of Justices Black and Dethmers; dissenting opinions of Justices Adams, T. G. Kavanagh and T. M. Kavanagh); and *People* v. *Jaworski* (1970), 25 Mich App 540 (dissent by Lesinski, C. J.).

The bare assertion of trial counsel that he advised defendant of his "constitutional rights" does not satisfy the specificity requirement of *Boykin* because we cannot *infer* from such an assertion that counsel *in fact* advised defendant of the rights enumerated above. This conclusion is based on my experience as a private practitioner and my examination of the appellate records of numerous guilty pleas. I can take judicial notice of the fact that before *Boykin,* neither trial attorneys nor trial judges, as a matter of course, specifically advised

defendants of their right to be confronted by their accusers. While occasional mention was made of the right against compulsory self-incrimination, it is clear that the only right generally discussed was the right to trial by jury. The apparent reason for the above situation was that most attorneys regarded the former two rights as "trial rights" to be enforced only when circumstances warranted their invocation. *Boykin* clearly makes continuation of this situation intolerable.

I would reverse and remand to the trial court for further proceedings.