PEOPLE *v.* RODGERS

RECEIVING STOLEN GOODS—PLEA OF GUILTY—EXAMINATION BY
COURT—KNOWLEDGE OF THEFT.

> Defendant's admissions, when questioned by the trial judge at
> the time he offered his plea of guilty of having possession
> of and attempting to conceal a number of telephone coin boxes
> and that the coin boxes were stolen property at the time he
> attemped to conceal them were sufficient to support a plea
> of guilty to the charge of receiving and concealing stolen
> property over the value of $100 where, on appeal, he neither
> asserted his innocence nor contended that the factual basis
> upon which the conviction rested was inaccurate.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J.   Submitted Division 1 October 7, 1970,
at Grand Rapids.   (Docket No. 9,620.)   Decided
October 27, 1970.

Ronnie Stevenson Rodgers was convicted, on his
plea of guilty, of receiving and concealing stolen
property of value over $100.   Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N.
Bishop,* Assistant Prosecuting Attorney, for the
people.

*Gerald S. Surowiec,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 491.

Before: Fitzgerald, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam.  Ronnie Rodgers, while represented by counsel pled guilty to the charge of receiving and concealing stolen property of value over $100, the second count of an amended information.[1]  On May 13, 1970, he was sentenced in recorder's court to a term of two to five years imprisonment.  With the assistance of appointed appellate counsel, defendant filed a timely claim of appeal grounded solely on the contention that the trial court did not properly examine the defendant as to the facts of the crime and his participation in it.  The people have filed a motion to affirm the conviction and sentence.

It is contended that the defendant's responses to questions put to him by the trial judge in order to ascertain the facts of the crime and the defendant's participation in it were so qualified and so limited to the point that they were insufficient to support a plea of guilty.  Defendant advances the case of *People* v. *Richard E. Johnson* (1967), 8 Mich App 204.  The plea proceeding transcript does not support this contention.  Defendant admitted to having possession of and attempting to conceal a number of coin boxes which were the property of the Michigan Bell Telephone Company.  Defendant also admitted that he had knowledge that these coin boxes were stolen property at the time he attempted to conceal them.  Defendant neither asserts his innocence nor does he contend that the factual basis upon which this conviction rests is inaccurate.  Motion to affirm is granted.

---

[1] MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803).