PEOPLE *v.* BRYANT

CRIMINAL LAW—PLEA OF GUILTY—TRUTHFULNESS.
  Plea of guilty was properly accepted even though the defendant was at first reluctant to implicate himself in the crime to which he pled guilty where the trial court recessed so that the defendant could consult with his counsel and when the proceedings resumed, the defendant admitted sufficient facts to substantiate the truthfulness of his plea.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 December 29, 1970, at Lansing. (Docket No. 10023.) Decided February 26, 1971.

Gerald Bryant was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. People's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George A. Schudlich* and *Edward P. Echlin,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 484–496.

Per Curiam. Defendant appeals from his conviction upon a plea of guilty to the offense of robbery unarmed. MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). He now contends that the trial court erred in accepting his plea when his responses were qualified and equivocal. *People* v. *Richard E. Johnson* (1967), 8 Mich App 204. The people have submitted a motion to affirm his conviction.

We discern from the plea transcript, as did the trial court personally, that defendant was extremely reluctant to implicate himself in the crime to which he tendered a plea of guilty. The court consequently recessed the proceedings so defendant could consult with his attorney. Upon resumption of the proceedings, defendant admitted sufficient facts to substantiate the truth of his plea. With this procedure we cannot take issue.

Motion to affirm is granted.