PEOPLE v NEAL

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.

The trial judge properly accepted a defendant's plea of guilty of attempted uttering and publishing a forged check even though the defendant first denied she knew the check was forged where she later admitted that she knew the instrument was faulty.

2. CRIMINAL LAW—PLEA OF GUILTY—DEFENSES.

A trial judge's failure, during the taking of a guilty plea, to inquire into possible defenses, such as coercion and duress, is not reversible error even though some indications of those defenses were brought out by the judge's questioning where the defendant was represented by adequate counsel.

3. CRIMINAL LAW—PLEA OF GUILTY—ENUMERATION OF RIGHTS—VOLUNTARINESS.

Trial court's failure to advise a guilty-pleading defendant of her right to confront her accusers, of her right to a jury trial, of her right against compulsory self-incrimination, and of her right to be found guilty beyond a reasonable

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 492.
[2] 21 Am Jur 2d, Criminal Law § 484 et seq.
[3] 21 Am Jur 2d, Criminal Law §§ 486, 487.
[4] 21 Am Jur 2d, Criminal Law §§ 485, 486.

doubt upon trial by either a jury or a court and the failure
of the trial court to obtain a waiver for each of the rights
did not invalidate the guilty plea where the trial court deter-
mined that the plea was voluntarily and understandingly
made.

DISSENT BY V. J. BRENNAN, J.

4. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—FEAR.
    *The trial judge erred in accepting a defendant's plea of guilty
    of attempted uttering and publishing a forged instrument
    where the defendant, at one point, denied that she knew the
    check was forged and evidenced fear of harm to life and limb,
    induced by threats and possibly influencing her plea.*

Appeal from Recorder's Court of Detroit, Geral-
dine Bledsoe Ford, J. Submitted Division 1 Octo-
ber 8, 1971, at Detroit. (Docket No. 10995.) De-
cided February 24, 1972.

Bessie Mae Neal was convicted, on her plea of
guilty, of attempted uttering and publishing of a
forged instrument. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and
O'HARA,* JJ.

LESINSKI, C. J. Defendant was convicted, on her
plea of guilty, of attempted uttering and publishing,

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

MCLA 750.249; MSA 28.446. She appeals as of right.

Defendant alleges that the trial court erred in two respects in accepting her plea of guilty. It is maintained that the trial court failed to ascertain whether the plea was truthful, in compliance, with MCLA 768.35; MSA 28.1058; and GCR 1963, 785.3. Also, defendant contends that the trial court committed reversible error when it failed, before accepting her guilty plea, to advise her of her constitutional right to a trial by jury, to remain silent, to confront her accusers, and to be proven guilty beyond a reasonable doubt.

Contrary to defendant's allegation, the trial court did examine defendant to determine whether her plea had a factual basis. The trial court elicited from defendant the fact that she received a factory check from Lawrence Cage which he made out for her. Cage told defendant that she could retain a portion of the proceeds from the check if she would cash it for him. She then attempted to cash it.

However, to be guilty of attempted uttering and publishing, the accused must have knowledge that the instrument is false, forged, altered, or counterfeit. 3 Gillespie, Michigan Criminal Law and Procedure (2d ed), Forgery and Counterfeiting, § 1506, p 1882. The trial court did question defendant as to whether she had knowledge that she was cashing a bad check in this case. The following exchanges transpired on that point:

"*The Court:* Did you know it was a bad check when he gave it to you?
"*Defendant:* No.
"*The Court:* When did you find out?
"*Defendant:* The police told me.
"*The Court:* The police told you?
"*Defendant:* Yes.
* * *

"*The Court:* Did he explain it enough when he gave you this check so you knew it was a bad check, Mrs. Neal?

"*The Court:* What?

"*Defendant:* He say it was, that he had a lot of checks, but I needed the money, if I could cash it I could take some of it out and take it home with me, so I could feed my family.

"*The Court:* Mrs. Neal, you are perfectly intelligent and sensible person; what did you know when he told you that?

· "*Defendant:* All I know he was helping me.

"*The Court:* Now, did you have an idea or reason to believe that the check was no good?

"*Defendant:* Yes.

"*The Court:* Tell me honestly.

"*Defendant:* Yes."

Defendant cites *People* v *Richard E Johnson,* 8 Mich App 204 (1967), as authority for the proposition that the trial court should reject a guilty plea when defendant's answers are equivocal in nature. Examining the instant proceedings in their entirety, however, we are convinced that this is a different case from *Johnson.* Although defendant initially denied she had knowledge that she was being given a bad check, she immediately recanted and admitted Mr. Cage had told her the instrument was faulty. She revealed he also told her "that he had a lot of checks". In *Johnson, supra,* defendant repeatedly negated his guilt, and only through the careful leading of defendant's own counsel and the trial court were the facts arranged to coincide with the elements of the charge. There was no such overreaching by the trial court or defendant's counsel here. The *Johnson* case does not hold that a trial court must reject a guilty plea whenever a defendant initially denies one of the elements of the offense. If defendant later admits that element of the offense, and

the existence of that element appears consistent with the entirety of defendant's testimony, the trial court may still accept the plea.

Defendant also urges that the plea was not truthful, because the trial court should have been alerted as to the existence of the defense of coercion and duress. This Court has held that:

"Where the accused is represented by adequate counsel, the trial court need not make exhaustive examination as to possible defenses, even if the testimony of the accused gives some indication that such a defense might be raised at trial." *People v Edwards,* 27 Mich App 83, 85 (1970).

Accordingly, defendant's contention on this ground is rejected.

Defendant further argues that the trial judge was required, under the holding of *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), to advise defendant of her right to a trial by jury, right against compulsory self-incrimination, and right to confront one's accusers, and additionally, to receive waivers of those rights on the record. The trial court in this case advised defendant only of her right to a trial by jury.

However, this Court has held that *"Boykin* does not require the specific enumeration and waiver of the three Federal constitutional rights listed before a guilty plea can be accepted". *People v Sepulvado,* 27 Mich App 66, 69 (1970); *People v Jaworski,* 25 Mich App 540 (1970). See, also, dissent of LESINSKI, C. J., in *Sepulvado* and *Jaworski.*

Defendant also claims that the trial court should have advised her of her right to be found guilty beyond a reasonable doubt upon a trial either by the jury or the court. We similarly reject this argument. GCR 1963, 785.3 and *Boykin, supra,* are sat-

isfied, based on the rationale of *Sepulvado* and *Jaw-orski,* upon a proper determination by the trial court that the plea was voluntarily and understandingly made.

Affirmed.

O'HARA, J., concurred.

V. J. BRENNAN, J. (*dissenting*). In reviewing the plea we examine the record to determine whether the plea was voluntary and truthful.

Here not only did the defendant qualify her plea, but there is some evidence in the plea transcript of fear.

Regarding qualifications—on p 4 of the transcript she said her accomplice made out the check and that she did not know it was bad until the police told her.

Regarding fear—on p 2 of the plea transcript the court asked her not to be afraid; on p 5 her attorney indicated to the court that she was very scared and fearful of harm.

Granted most people appearing before a court, especially on a criminal offense, are in fact afraid; here, however, the alleged fear was of harm to life and limb and was induced by threats, which possibly influenced her plea.

The plea here fails to satisfy the minimum safeguards. I would reverse and remand.