PEOPLE v CURETON

CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—PRESUMPTION
OF INNOCENCE—COURT RULES.

> Explaining to a defendant, prior to accepting a plea of guilty, the
> meaning of the presumption of innocence and that a jury could
> not find him guilty unless its members were "completely con-
> vinced" that defendant had participated in each element of the
> charged offense substantially complied with the court rule
> requiring a trial court to inform the defendant of the "right to
> be presumed innocent until proven guilty beyond a reasonable
> doubt" (MCLA 769.26; GCR 1963, 529.1, 785.7[1][d][ii]).

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted Division 1 June 10, 1974,
at Detroit. (Docket No. 18570.) Decided July 25,
1974.

Johnny Cureton was convicted, on his plea of
guilty, of unarmed robbery. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Michael R.
Mueller,* Assistant Prosecuting Attorney, for the
people.

*Daniel R. Siefer,* for defendant.

Before: J. H. GILLIS, P. J., and ALLEN and EL-
LIOTT,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486–491, 505.
* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. On June 20, 1973, defendant pled guilty to the crime of unarmed robbery. MCLA 750.530; MSA 28.798. He received a sentence of 6 to 15 years in prison, and on appeal asserts that the trial court failed to comply with the provisions of GCR 1963, 785.7(1)(d)(ii).

Before accepting a plea of guilty, the trial court must inform a defendant of, among other things, his "right to be presumed innocent until proven guilty beyond a reasonable doubt". GCR 1963, 785.7(1)(d)(ii). In the instant case, the trial court explained to defendant the meaning of the presumption of innocence, and told defendant that the jury could not find him guilty unless its members were "completely convinced" that defendant had participated in each element of the charged offense. We find that the trial court substantially complied with the above rule, and that defendant's conviction should not be reversed merely because the trial court failed to utter the phrase "beyond a reasonable doubt". MCLA 769.26; MSA 28.1096, GCR 1963, 529.1.

Affirmed.