PEOPLE v STUBBS

1. CRIMINAL LAW—JUDGES—COMPETENCY HEARING—COMPETENCY REPORT—EVIDENCE.

A trial judge at a hearing to determine a defendant's competency to stand trial may base his judicial determination of competency solely on a report from the Center for Forensic Psychiatry where neither the people nor the defendant choose to introduce additional evidence, and absent anything specific to the contrary it must be presumed that a judge did read the report before declaring a defendant competent, even though it is not explicitly stated in the record, where the record indicates that he had the report in the file and where each party declined the judge's offer to introduce further evidence.

2. CRIMINAL LAW—JUDGES—COMPETENCY HEARING—RECORD.

A judge conducting a hearing to determine a defendant's competency to stand trial is not required to state on the record the facts upon which he finds the defendant competent.

3. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—SUFFICIENCY OF FACTS.

It is necessary that a defendant who is offering a plea of guilty disclose a factual basis for his plea, and this requirement is fulfilled if there are sufficient facts disclosed by the defendant to satisfy the judge that a crime was committed and that the defendant committed it.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 63–65, 68, 69.

Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition. 32 ALR2d 434.

Investigation of present sanity to determine whether accused should be put, or continue, on trial. 142 ALR 961.

[3] 21 Am Jur 2d, Criminal Law §§ 487, 492–495.

[3, 4] Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[4] 21 Am Jur 2d, Criminal Law §§ 486–491.

4. CRIMINAL LAW—JUDGES—PLEA OF GUILTY—DEFENDANT'S RIGHTS—
   JURY TRIAL—INFORMING OF RIGHTS.

   A judge is required, when accepting a plea of guilty, to convey to
   the defendant in a way which the defendant can understand
   what his rights are, and the requirement that a defendant be
   informed that a jury would have to find him guilty beyond a
   reasonable doubt was satisfied where the judge stated that the
   jurors would have to be "completely convinced" of the defend-
   ant's guilt.

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted Division 1 January 7,
1975, at Detroit. (Docket No. 20369.) Decided
March 12, 1975. Leave to appeal denied, 394 Mich
783.

Joyce Stubbs was convicted, on her plea of
guilty, of assault with intent to commit great
bodily harm less than murder. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Arthur N. Bishop,* Assistant Prosecuting Attorney,
for the people.

*Robert R. Mallory (Carl Ziemba,* of counsel), for
defendant

Before: QUINN, P. J., and BASHARA and R. M.
MAHER, JJ.

BASHARA, J. Defendant was charged with assault
with intent to commit murder. MCLA 750.83;
MSA 28.278. She was found guilty of the lesser
charge of assault with intent to commit great
bodily harm less than murder. MCLA 750.84; MSA

28.279. As a result of this plea, other charges pending against defendant were dismissed.

The record reveals that defense counsel's oral motion on February 26, 1974, that defendant be referred to the Center for Forensic Psychiatry for observation was granted. On March 19, 1974, a competency hearing was held, wherein defendant was declared competent to stand trial. Thereafter, her guilty plea was accepted by the court.

Defendant first argues that the competency hearing was not "meaningfully conducted". She contends the trial judge did not see the forensic center's report prior to his adjudicating her competent to stand trial, nor was he aware of its contents.

This allegation is not born out by the record. The pertinent portion of the transcript reveals the following:

" '*The Court:* There had been a motion for a Forensic in all three of these files, Mr. Mitchell.

"*Mr. Mitchell:* Yes sir, I filed a motion. I was really concerned with this case.

"*The Court:* It is only filed in one case and the report is here. Mr. Kenny, do you move to admit the report, I don't see the report but is there a written report?

"*Mr. Kenny:* Yes, your Honor.

"*Mr. Mitchell:* She is competent to stand trial, your Honor.

"*The Court:* Are you moving to admit the report of Mrs. Gillis and Mrs. Robson, M.D.?

"*Mr. Kenny:* Yes, your Honor.

"*The Court:* Any objection to that?

"*Mr. Mitchell:* No objection, your Honor.

"*The Court:* It will be admitted. Do you have any additional testimony? .

"*Mr. Kenny:* No, your Honor.

"*Mr. Mitchell:* No, your Honor.

"*The Court:* You have none either?

*"Mr. Mitchell:* We have none.

*"The Court:* Based upon the evidence before me I find that the defendant is competent to stand trial in each of these three cases."

The record clearly shows the forensic report was in the file. The judge in referring by name to Mrs. Gillis and Dr. Robson, the authors of the report, at least had the report in front of him when the hearing was conducted, and must have looked at the report. It is true the record explicitly does not state that the judge read the report. However, absent anything specific to the contrary, we must presume that the judge would not have adjudicated defendant competent to stand trial if he had not read the report. We note that defendant does not allege in this appeal that she was incompetent.

The mandate of MCLA 767.27a; MSA 28.966 (11), which requires a competency hearing, was complied with. If neither the people nor the defendant choose to introduce additional evidence, a trial judge may base his judicial determination of competency solely on the forensic center report. *People v Chase,* 38 Mich App 417; 196 NW2d 824 (1972). The trial judge conducted the requisite hearing. Each party declined the judge's offer to introduce further evidence. These facts appear affirmatively on the record.

Defendant's next allegation of error, that the judge must state the facts on the record upon which he found defendant competent to stand trial, is based upon *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). We reject this contention. The Supreme Court in *Jackson, supra,* was only referring to trials held without a jury. A competency hearing is not a trial. The requirements of *Jackson, supra,* do not apply.

Defendant next contends that the court failed to

elicit a sufficient factual basis upon which to accept her guilty plea.

The cases cited by defense counsel[1] present a different factual situation than that before us. In this case, the defendant did not continually assert self-defense or lack of intent; she equivocated on the question. On some occasions, Ms. Stubbs seemed to urge self-defense[2] and lack of intent, while on other occasions she admitted stabbing O'Dowd with the intent of injuring him. While it is necessary for defendant to disclose a factual basis for her plea, the pertinent question is whether the court was satisfied that defendant committed the crime.

GCR 1963, 785.7(3) reads in part:

"(b) the court shall not accept a plea of guilty until it is satisfied that a crime was committed and, through personal interrogation of the defendant, that defendant participated therein.

"(c) If defendant's description of his actions and any otherwise admissible evidence presented to the court on the record during the plea taking proceedings would not substantially support a finding that defendant is in fact guilty of the charged offense or the offense to which he is pleading, the plea shall be rejected by the court."

Based upon the record, there were sufficient facts disclosed by defendant which correctly satisfied the judge that a crime was committed and that defendant committed it. There was a "substantial basis" for the proffered guilty plea, *People v Bartlett,* 17 Mich App 205; 169 NW2d 337 (1969).

---

[1] *See People v Bartlett,* 17 Mich App 205; 169 NW2d 337 (1969); *People v Neal,* 38 Mich App 586; 196 NW2d 789 (1972); *People v Primeau,* 24 Mich App 235; 180 NW2d 51 (1970).

[2] A trial court is not required in a guilty plea proceeding to instruct on the law of self defense to assure the defendant recognizes the option. *People v Barron,* 25 Mich App 631; 181 NW2d 555 (1970).

Defendant's final allegation of error is that the trial judge did not advise her that if she went to trial she would have to be proven guilty beyond a reasonable doubt. The trial judge did advise the defendant: "Do you understand that those twelve people couldn't find you guilty of this crime of assault with intent to murder unless all twelve of them were *completely convinced* of your guilt?" (Emphasis supplied.)

We must decide whether in view of GCR 1963, 785.7(1)(d)(ii), "completely convinced" satisfies that portion of the rule which states the judge must inform the defendant a jury would have to find him guilty beyond a reasonable doubt.

The Supreme Court has recently held in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), that the requirements of GCR 1963, 785.7 are mandatory. We interpret *Shekoski, supra,* to mean that each and every warning contained in GCR 1963, 785.7 must be given. If one of them is omitted, the case must be remanded for a new trial. However, this does not mean that the judge is required to give a "verbatim recitation" of the words contained in the rule. What is required of the trial judge is that he convey to the defendant, in a way which the defendant can understand, what his rights are.[3] *People v Chappell,* 44 Mich App 204; 205 NW2d 285 (1972). In *People v Sanders,* 54 Mich App 541; 221 NW2d 243 (1974), the court, in advising the defendant, told him he had a right to cross-examine the witnesses presented against him. The Court in affirming the conviction stated: "[T]he trial court employed plain and sim-

---

[3] *See also People v Butler,* 387 Mich 1; 195 NW2d 268 (1972), where the Court draws the distinction as discussed herein.

ple language to fully inform defendant of his right." [4]

We hold the trial judge's use of the words "completely convinced" were used to explain to the defendant what her rights were in such a way that she could understand them. It further occurs to us that these words imply an even stronger burden on the prosecution than is actually required under GCR 1963, 785.7.[5]

Affirmed.

---

[4] In *Sanders, supra,* the defendant was remanded for resentencing.

[5] We recognize that in *People v Cureton,* 54 Mich App 501; 221 NW2d 242 (1974), the words "completely convinced" were found to be in substantial compliance with GCR 1963, 785.7(1)(d)(ii). We choose to hold however, that these words completely satisfy the court rule.